(January 16, 1976)

■ In the Matter of SANDRA SAUR et al., Respondents, v DIRECTOR OF THE CREEDMOOR PSYCHIATRIC CENTER et al., Appellants.—In a proceeding pursuant to CPLR article 78 *inter alia* (1) for the reinstatement with back pay of certain affected employees who have left their employment at Creedmoor Psychiatric Center since June 23, 1975 and (2) to prohibit the respondent Director of the said psychicatric center from discharging any of the affected employees, the appeal is from a judgment of the Supreme Court, Queens County, entered August 5, 1975, which, *inter alia,* granted the petition. Judgment reversed, on the law, and petition dismissed on the merits, without costs. No fact issues were raised by this appeal. The State of New York, as an employer, has the right to determine which, if any, positions should be abolished. We are in agreement with appellants that it is only after positions have been abolished that seniority rights are to be considered. We believe that the policy of permitting "horizontal displacement", wherein a competitive class State employee with the most seniority whose position has been abolished is entitled to displace the employee in the same job title with the least seniority in the layoff unit, sufficiently meets the requirements of subdivision 1 of section 80 of the Civil Service Law. At the time the positions held by the petitioners (40 budgeted therapy aide positions at Creedmoor Psychiatric Center) were abolished because of the financial crisis, there were more than 100 vacancies available in the same title within other institutions in the layoff unit. Although the petitioners would normally only be entitled to one choice of location, they were offered a choice of any of the available vacancies on a seniority basis. Only those petitioners who refused to accept this offer were laid off. It should be noted that those employees were placed on a preferred list for reinstatement as additional positions become available at Creedmoor. In our opinion, the petitioners have been afforded all of the rights to which they are entitled under the law. It should also be noted that this was not a proper class action. Cohalan, Acting P. J., Margett, Damiani, Shapiro and Hawkins, JJ., concur.