■ In the Matter of ROSLYN RUBIN, on Behalf of Herself and All Others Similarly Situated, Respondent, v LOUIS J. LEVINE, as Industrial Commissioner of the State of New York, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to (1) prohibit respondents from acting pursuant to certain layoff notices and (2) to cancel the said notices, the appeals are (1) from a judgment of the Supreme Court, Queens County, dated July 18, 1975 which, *inter alia,* canceled the said notices and (2) as limited by appellants' brief, from so much of a further order of the same court, dated October 1, 1975, as, upon reargument, adhered to the original determination. Appeal from the judgment dismissed as academic. The judgment was superseded by the order made on reargument. Order reversed insofar as appealed from, on the law, without costs or disbursements, and petition dismissed on the merits. No fact issues were raised by this appeal. In the case of *Matter of Saur v Director, Creedmoor Psychiatric Center* (51 AD2d 541) we held that the State's policy of permitting "horizontal displacement", whereby the competitive class State employee with the most seniority whose position has been abolished is entitled to displace the employee in the same job title with the least seniority in the layoff unit, sufficiently meets the requirements of subdivision 1 of section 80 of the Civil Service Law. In this case there is the additional issue of whether an employee whose position has been abolished, and who has refused a position pursuant to subdivision 1 of section 80 of the Civil Service Law, is entitled to a position pursuant to subdivision 6 of section 80 of that law. Subdivision 6 provides, in part, for "vertical displacement", whereby an employee in a specific title to which there is a direct line of promotion may be entitled to displace a less senior employee in the next lower occupied title in direct line

of promotion in the same layoff unit. We agree with the appellants' interpretation of section 80 of the Civil Service Law to the effect that in order to qualify for vertical displacement rights an employee must have been displaced because of a lack of sufficient seniority to remain in the horizontal title. The relevant language in that section does not lead to the conclusion that an employee is entitled to his choice of either horizontal or vertical displacement. To hold that an employee who does not accept reassignment under subdivision 1 loses his displacement rights under subdivision 6 in effect requires a finding that an employee who refuses such reassignment has consented to a suspension and therefore is not a "suspended" employee within the meaning of subdivision 6. We believe that such a holding is reasonable. Significantly, it will not deprive any employee of his seniority rights; to hold otherwise would create complex administrative problems. In addition, we note that, on the argument of this appeal, petitioner Rubin, through her counsel, stated that if she were presently offered an opportunity to accept the Utica assignment, she would not take it. It should also be noted that this was not a proper class action. Cohalan, Acting P. J., Margett, Damiani, Shapiro and Hawkins, JJ., concur.