In the Matter of the Application of SAMUEL SHERMAN, Individually and as President of the " Division of Placement and Unemployment Insurance Eligibles Association," Petitioner, for an Order against GRACE A. REAVY and Others, Composing and Constituting the Civil Service Commission of the State of New York, and ELMER F. ANDREWS, as Industrial Commissioner of the State of New York, Respondents.*

Supreme Court, Trial Term, Albany County, July 20, 1942.

* See 258 App. Div. 689.

Herman E. Cooper [Moss K. Schenck of counsel], for the petitioner.

John J. Bennett, Jr., Attorney-General [Bernard L. Alderman Assistant Attorney-General of counsel], for the respondents.

BERGAN, J. This proceeding is maintained on behalf of a number of petitioners who passed civil service examinations in 1937 for positions in the Division of Placement and Unemployment Insurance in the State Department of Labor. Their names appear on eligible lists for six different positions established by the Department of Civil Service in December, 1937, and January, 1938. The petitioners remaining in the proceeding complain that they were not appointed to positions in the Department of Labor from the lists upon which their names appear.

In most instances the petitioners were not appointed because their names were considered three times by the appointing officer and passed and the names were not thereafter considered. Notations to this effect appear on the records of the Department of Civil Service. The petitioners challenge the validity of these determinations. In other instances petitioners were either too far down on the list for appointment in the metropolitan district which they specified as their choice, or they were too far down on the list for any appointment. The claims to appointment of those in these two categories will not be considered. Lists were certified in their entirety to the appointing officer, one of them being certified in two separate groups.

Upon the proof of the petitioners, respondents move for a final order dismissing the petition. As part of petitioners' case employees of the Civil Service Department and of the Division of Placement and Unemployment Insurance were called who testified to the procedure followed in certification of the lists and in making appointments so that the record is ample to dispose of the questions of law raised by the petition.

Two main contentions are made in support of the petition: (a) that before certification of a list of eligibles may be made by the Civil Service Commission to an appointing officer, the exact number of vacancies must be specified by the appointing officer and only that number plus two may be certified to the appointing officer; (b) that where a list of more than three names is certified the appointing officer's range of choice in total rejections continues to be limited, as it would be if only three names were certified, to two, and that all of the others on the list must be appointed. These contentions, so the petitioners argue, find support in the Civil Service Law and the Rules for the Classified Civil Service.

Section 2 of rule VIII of the Rules provides that, when an appointing officer requests a certification of a list of eligibles for a vacancy in the competitive class, the Civil Service Commission shall, with an exception not pertinent here, certify three names standing highest on the list for appointment. The appointing officer may appoint any one of these three. Where the appointing officer notifies the commission " of more than one vacancy at any time " the commission shall certify " the names of as many persons as there are vacancies to be filled, with the addition of two names."

Literally this would mean if the appointing officer should " notify " the commission of a number of vacancies exceeding one the commission should certify that exact number plus two. There is no duty imposed in terms by the rule upon the appointing officer to request certification for more than one vacancy at a time, even though more than one exists, and he retains the power to decide whether to " notify " the commission " of more than one vacancy at any time " or to request certification for vacancies one by one.

If it be assumed for the moment that the appointing officer retains the power to exercise the same number of rejections in the same order in the case of a list of more than three names than he would if only three were certified at a time, it is not apparent how the certification of a number in excess of the number of vacancies existing could injure any person on the list. The appointing officer would be circumscribed by the same limitation in power of selection in either case.

Moreover, where there are many vacancies to be filled the exhibits in evidence indicate that there are many declinations, or conditional acceptances which would exhaust a list of the exact number and require recertification for the residue and repeated further certification until all of the positions were filled. This, in the end, would not provide any advantage over separate certifications for each position and would delay the public business.

The record here shows that the lists were certified in their entirety

because both the Civil Service Commission and the Industrial Commissioner were anxious to fill the positions, all of which were new, from lists of eligibles as soon as possible. The Division of Placement and Unemployment Insurance was to administer the Unemployment Insurance Law, then recently enacted. About 1,000 employees were to be added to the civil service rolls. Many of these positions had been filled by provisional appointees before the lists resulting from competitive examinations were established. It was the duty of the Civil Service Commission and of the appointing officer to fill these positions from lists established from competitive examinations as quickly as possible. All provisional appointments expired, under rule VIII, twenty days after competitive lists were established.

Since no mandatory duty rested upon the appointing officer to request certification of the exact number of vacancies to be filled, I see no reason why he should delay filling the positions from established civil service lists by the process of repeated certifications where it would be practicable in the case of many new vacancies to certify the entire list and to canvass it as required by law. If the list was properly canvassed the petitioners have not been harmed by the excess certifications which in this instance were designed to carry into effect the letter and spirit of the civil service rule that provisional appointments promptly expire when an eligible list is established. Certainly the certification of the entire lists does not entitle petitioners to appointment, which is the relief here sought, if the process by which their names were eliminated is otherwise valid.

The process by which petitioner's names were eliminated is the main point of controversy. Prior to the amendment of March 1, 1938, section 2 of rule VIII read: " No person shall be certified from an eligible list more than three times to the same appointing officer for the same or a similar position at the same rate of compensation." This provision was stricken out by the amendment of March 1, 1938, but it was in force at the time petitioners' names were considered.

Where separate certifications of three names each are made for positions singly, the application of the rule is simple. The appointing officer selects one of the three and the other two remain on the eligible list. When appointment to fill the next vacancy is considered, the two names remaining are again certified with one additional name to fill up the required number of three. The appointing officer again has the choice of appointing any one of the three. If in this repeated process of certification a person is not appointed after his name is before the appointing officer three

times, he is not again certified and the names specified in future certifications are taken in order down the list of eligibles.

This is the situation that existed under the former rule in cases of certifications for a single vacancy. The practice was clearly sanctioned by express language of the Rules for the Classified Civil Service.

The testimony here disclosed that when the entire list was certified to the appointing officer, he considered the names as he would have considered them had three names been separately certified for each vacancy, i. e., he assumed separate certifications each time he made an appointment. Therefore he followed the procedure of considering the names on the list in order in groups of three. When he considered and passed without appointment any name on the list three times he treated that name as having been certified to him three times and no longer entitled to be included in the groups of three that he considered in making each appointment. In this way the petitioners who were high enough on the list to be considered were eliminated, and appropriate notations appear on the records of the Department of Civil Service that they were considered by the appointing officer three times and passed.

Petitioners do not show that consideration of eligibles was not made in groups of three with those eliminated having been considered three times by this process. On the contrary their own proof is that this was the procedure followed.

For many years the officers of the State charged directly with the administration of the Civil Service Law and the appointing officers of all of the departments of the State government have construed the rule as authorizing this practice which would give the appointing officer the same range of choice for a number of vacancies certified together as he would have if each eligible were separately certified and recertified for each vacancy. I find no delimitation of this range of choice in the language of the rule, and the court must accord very substantial weight to the practical construction of the rule by many public officers over long periods of time. It is important, too, that the Civil Service Commission which made the rule with the approval of the Governor (Civ. Serv. Law, § 10) has itself thus construed its operation.

Certainly it would be within the power of the appointing officer to ask separate certification for each position to be filled and it would be idle to require him to do that if he can exercise the same power in a large list more expeditiously in the business of the State. It could not have been the intent of the framers of the rule to give an appointing officer less range of choice for more than one

appointment than he has for one, and while it is argued that the implication of the provision, that where more than one vacancy is to be filled the certification shall be for the number plus two, is that the appointing officer's choice of rejection is narrowed to two for the whole number certified, the rule does say that in terms and no such intent will be imported by judicial construction against the universal interpretation of the rule by administrative officers to the contrary.

Some of the other questions raised, such as the certification of part of a list in January, 1938, several days after appointments were made from the list, do not adversely affect the petitioners. In the same class is the fact that on one list names low on the list were appointed earlier than higher names. Part of this may be due to preferences for appointment in a given locality, an explanation of which is in the record. A presumption of validity attaches to this and other official acts of public officers, and petitioners have the burden of showing both that these appointments were unlawful and that petitioners should have been appointed instead of the persons named. Petitioners show neither of these things. All they show is that they were certified from large lists and considered three times by the appointing officer and not further considered. That, I conclude, is a valid exercise of power by the appointing officer under the rule as it then existed, and petition is dismissed on the merits, without costs.

Submit final order.