■ In the Matter of ROBERT J. LA SOTA, Appellant, v ERNEST GREEN, as Commissioner of the Department of Public Works of the City of Yonkers, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel respondents to reinstate petitioner to his position, with back pay, petitioner appeals from so much of an order of the Supreme Court, Westchester County, entered August 23, 1979, as, upon reargument, adhered to the original determination dismissing the petition. Order affirmed insofar as appealed from, with $50 costs and disbursements. On June 22, 1978 petitioner was provisionally appointed by the respondent city manager to the position of assistant water chemist and bacteriologist. A second position having the same title had previously been filled by another provisional appointee, Thomas Tipa. On November 18, 1978 a competitive examination was conducted to fill both positions. The petitioner and two others passed the examination. However, Tipa, the second provisional appointee, did not. On March 6, 1979 an eligible list was established consisting of the names of the three persons who had passed the examination. Thereafter, the Yonkers Municipal Civil Service Commission notified the city's personnel department that the petitioner and Tipa would no longer be certified on the payroll after April 26, 1979. The petitioner subsequently received oral notification that his appointment would terminate on that date. His formal discharge papers were signed by the Yonkers City Manager and made effective as of April 26, 1979. The next day, April 27, 1979, a person on the list other than the petitioner was granted a permanent appointment to fill one of the available positions. The city manager then declined to appoint either of the two remaining eligibles to the second position. Instead, pending a new examination, he granted a successive provisional appointment to Tipa, the provisional appointee who had failed the examination. It is clear that the petitioner, who began work on June 22, 1978, was retained beyond the nine-month statutory limit of his provisional appointment (see Civil Service Law, § 65, subd 2). Petitioner now contends that, by virtue of that retention, he attained permanent status under subdivision 4 of section 65 of the Civil Service Law. That subdivision provides: "Successive provisional appointments shall not be made to the same position after the expiration of the authorized period of the original provisional appointment to such position; provided, however, that where an examination for a position or group of

positions fails to produce a list adequate to fill all positions then held on a provisional basis, or where such list is exhausted immediately following its establishment, a new provisional appointment may be made to any such position remaining unfilled by permanent appointment, and such new provisional appointment may, in the discretion of the appointing authority, be given to a current or former provisional appointee in such position, except that a current or former provisional appointee who becomes eligible for permanent appointment to any such position shall, if he is then to be continued in or appointed to any such position be afforded permanent appointment to such position." Plainly, the petitioner was a "current * * * provisional appointee" who had become "eligible" for permanent appointment. However, we agree with Special Term that, under the facts of this case, the statute did not operate to convert his provisional status to that of permanent appointee. Immediately prior to April 27, 1979, there were three persons eligible and willing to assume the position of assistant water chemist and bacteriologist, and therefore the list for that positon was adequate. It remained so until April 27, 1979 when the city manager, by choosing a person on the list to fill one of the available positions, reduced the number of eligibles thereon to two, thus rendering the list inadequate (see Civil Service Law, § 61). On the day before, however, the petitioner's appointment was terminated. Hence, although the petitioner was wrongfully retained beyond his statutory nine-month provisional term, he was not continued after the list had become inadequate. Accordingly, his retention did not inure to his benefit and subdivision 4 of section 65 of the Civil Service Law does not apply. (See *Matter of Vazquez v New York City Dept. of Social Servs.*, 56 AD2d 432, affd 44 NY2d 720.) Mollen, P. J., Titone, Mangano and O'Connor, JJ., concur.