(June 23, 1980)

■ In the Matter of ROBERT J. LA SOTA, Appellant, v ERNEST GREEN, as Commissioner of the Department of Public Works of the City of Yonkers, et al., Respondents.—Motion by appellant for reargument of the appeal from an order of the Supreme Court, Westchester County, entered August 23, 1979, or in the alternative, for leave to appeal to the Court of Appeals from an order of this court dated February 4, 1980, which determined the appeal. Motion denied insofar as it seeks leave to appeal; motion granted insofar as it seeks reargument and, upon reargument, the original determination is adhered to. The issue in this proceeding is whether a provisional appointee in the civil service acquired permanent status pursuant to subdivision 4 of section 65 of the Civil Service Law when he was improperly retained for slightly more than a month beyond the expiration of the nine-month statutory limit on provisional appointments (see Civil Service Law, § 65, subd 2). In our original decision we held that the appointee did not acquire permanent status (see *Matter of La Sota v Green*, 74 AD2d 572). We now adhere to that decision. The facts must be briefly reviewed. Petitioner was provisionally appointed by the Yonkers City Manager to the position of Assistant Water Chemist and Bacteriologist on June 22, 1978. A second position of the same title was then also held on a provisional basis. On November 18, 1978 a competitive examination for these two positions was conducted. On March 6, 1979 an eligible list containing three names, that of

petitioner and of two others, was established. Although petitioner's nine-month term expired on March 21, 1979, petitioner was retained in his position until April 26, 1979, when he was formally discharged by the city manager. On April 27, 1979 a permanent appointment to fill one of the two positions was given to one of the persons other than petitioner whose name appeared on the eligible list. The city manager then declined to appoint either of the two remaining eligibles to the second position; instead, he granted a new provisional appointment to a person other than petitioner. Petitioner contends that by retaining him in his position for slightly more than a month beyond the nine-month statutory limit on provisional appointments, respondents afforded him permanent appointment pursuant to subdivision 4 of section 65 of the Civil Service Law. That subdivision provides: "Successive provisional appointments shall not be made to the same position after the expiration of the authorized period of the original provisional appointment to such position; provided, however, that where an examination for a position or group of positions fails to produce a list adequate to fill all positions then held on a provisional basis, or where such list is exhausted immediately following its establishment, a new provisional appointment may be made to any such position remaining unfilled by permanent appointment, and such new provisional appointment may, in the discretion of the appointing authority, be given to a current or former provisional appointee in such position, except that a current or former provisional appointee who becomes eligible for permanent appointment to any such position shall, if he is then to be continued in or appointed to any such position be afforded permanent appointment to such position." In our prior decision, we agreed that petitioner was a "'current * * * provisional appointee'" who had become "'eligible'" for permanent appointment. Nevertheless, we held (p 573) that on the facts of this case, the statute was inapplicable because the condition of the statute that "an examination * * * [fail] to produce a list adequate to fill all positions then held on a provisional basis" was not met. We stated (p 573): "Immediately prior to April 27, 1979, there were three persons eligible and willing to assume the position of assistant water chemist and bacteriologist, and therefore the list for that position was adequate. It remained so until April 27, 1979 when the city manager, by choosing a person on the list to fill one of the available positions, reduced the number of eligibles thereon to two, thus rendering the list inadequate (see Civil Service Law, § 61). On the day before, however, the petitioner's appointment was terminated. Hence, although the petitioner was wrongfully retained beyond his statutory nine-month provisional term, he was not continued after the list had become inadequate. Accordingly, his retention did not inure to his benefit and subdivision 4 of section 65 of the Civil Service Law does not apply. (See *Matter of Vazquez v New York City Dept. of Social Servs.*, 56 AD2d 432, affd 44 NY2d 720.)" On this motion for reargument, petitioner challenges our interpretation. Petitioner contends that since there were here two positions being held on a provisional basis, the eligible list containing three names was never "adequate to fill all positions then held on a provisional basis" within the meaning of the statute. Petitioner's position finds support in what was formerly rule 8 of the Rules for the Classified Civil Service. As noted in *Matter of Sherman v Reavy* (178 Misc 732, 734), section 2 of former rule 8 provided "that, when an appointing officer requests a certification of a list of eligibles for a vacancy in the competitive class, the Civil Service Commission shall, with an exception not pertinent here, certify three names standing highest on the list for appointment. The appointing officer may appoint any one of these

three. Where the appointing officer notifies the commission 'of more than one vacancy at any time' the commission shall certify 'the names of as many persons as there are vacancies to be filled, with the addition of two names.'" In 1958 the Civil Service Law was revised and the rule of "one in three" was incorporated into subdivision 1 of section 61 which now provides, in pertinent part: "Appointment or promotion from eligible lists. Appointment or promotion from an eligible list to a position in the competitive class shall be made by the selection of one of the three persons certified by the appropriate civil service commission as standing highest on such eligible list who are willing to accept such appointment or promotion". It is not clear whether section 61 was intended to incorporate all of section 2 of former rule 8. Were it so intended, an eligible list, to be "adequate", would have to contain at least four names where, as here, there are two positions to be filled; the instant eligible list of three names would be inadequate within the meaning of the statute. However, all of this avails petitioner nothing for he is still not entitled to permanent appointment. Subdivision 4 of section 65 affords permanent appointment only to those "current or former" provisional appointees who, having become eligible, are to be given a "new provisional appointment". While petitioner was improperly retained beyond the nine-month limit, he was not granted such a new provisional appointment. Admittedly there may be instances where the circumstances and duration of a provisional's improper retention may be such as to compel a finding that a new provisional appointment was indeed made. (See *Matter of Smith v Hoyt,* 59 AD2d 1058; *Matter of Roulett v Town of Hempstead Civ. Serv. Comm.,* 71 Misc 2d 477, affd 40 AD2d 611.) This is not such a case. Petitioner's appointment was not continued for years prior to his becoming eligible and for months after. Rather, his single nine-month term was improperly allowed to continue for slightly more than a month beyond its expiration. While the retention of petitioner was indeed wrong, under these circumstances the "wrong does not inure to [petitioner's] benefit" *(Matter of Vazquez v New York City Dept. of Social Servs.,* 56 AD2d 432, 434, affd 44 NY2d 720). Mollen, P. J., Titone, Mangano and O'Connor, JJ., concur.