OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the matter remitted to Supreme Court, Westchester County, for further proceedings in accordance with this memorandum.
 

 The issue is whether petitioner was “continued in” his position as assistant water chemist and bacteriologist so as to convert his provisional status to a permanent appointment pursuant to subdivision 4 of section 65 of the Civil Service Law. The Appellate Division read into the statute a requirement that such continuation last a substantial period of time. This interpretation, however, is at odds with the statute’s plain wording. Nothing in section 65 indicates that attainment of permanent status is dependent upon the length of time a provisional employee is “continued in” his or her position after becoming eligible for permanent appointment. Thus, petitioner, who was retained over a month beyond the nine-month statutory term of his provisional appointment, which ended on March 21,1979 (Civil Service Law, § 65, subd 2), attained permanent status when he was continued in his position subsequent to his name appearing on an eligible list on March 6, 1979.
 

 It remains to be determined whether petitioner’s termination complied with the applicable rules dealing with probationary terms for permanent appointees. For this reason, the matter is remitted to Special Term.
 

 
 *633
 
 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum. Order, insofar as appealed from, reversed, etc.