Jasen, J.
(dissenting). I cannot agree with the majority’s interpretation of section 65 of the Civil Service Law or of the prior case law. Therefore, I dissent and would reverse the order of the Appellate Division and order the petitioner’s reappointment for an appropriate probationary term. The clear intent of this State’s constitutional requirement of a civil service system (NY Const, art V, § 6) is to prevent abusive employment practices while assuring the government a competent and stable work force. The majority’s decision today not only violates that general purpose of the Civil Service Law, but also violates petitioner’s rights under the Civil Service Law.
Petitioner was originally appointed on a provisional basis because no eligibility list existed at that time. A provisional appointment, of course, does not entitle the appointee to the full panoply of protections under the Civil Service Law (Koso v Greene, 260 NY 491), but neither is it authorization to disregard the required procedures for hiring and dismissing employees.
Section 65 of the Civil Service Law governs provisional appointments. By its terms, such appointments cannot exceed nine months in duration. In this case, the county, in clear violation of the statute, retained petitioner as a provisional appointee for over three years.
Petitioner contends that under subdivision 4 of section 65 he is entitled to permanent appointment as of the date his name appeared among the top three candidates on the eligibility list. The majority interprets this remedy to be limited to appointees who are retained as provisional appointees beyond nine months because the eligibility list was exhausted. The statute, however, after authorizing successive provisional appointments in cases where the eligibility list has been exhausted, provides that “a current or former provisional appointee *** who becomes eligible for permanent appointment to any such position shall, if he is then to be continued in or appointed to any such position be afforded permanent appointment to such posi *818 tion.” Petitioner, by taking the requisite examination the first time it was offered and by placing among the top three candidates became eligible for permanent appointment. The county, by virtue of retaining him in that position after his name appeared on the civil service eligibility list, was required to make the appointment permanent.
This is precisely the interpretation of section 65 which this court applied in Matter of La Sota v Green (53 NY2d 631, 632). In that case, this court held that the petitioner “who was retained over a month beyond the nine-month statutory term of his provisional appointment *** attained permanent status when he was continued in his position subsequent to his name appearing on an eligible list”. Such an interpretation of this statute is more appropriate given its clear prohibition against extending provisional appointments beyond nine months.
Thus, I would hold that petitioner became a permanent appointee when he was retained, after his name appeared on the eligibility list, in the position to which he had originally been provisionally appointed.
This is not to say he would not be required to complete the probationary term required of all permanent employees. However, during the probationary term, petitioner would be entitled to the procedural protections of the Civil Service Law and the rules promulgated thereunder. In this case, then, petitioner should have been given the benefits of the required evaluations of his work (4 NYCRR 4.5 [a] [5] [in]) and at least the minimum probationary period of eight weeks (4 NYCRR 4.5, as amd by Chautauqua County Classified Civil Service Rule XIII, § 1 [a]; Matter of Albano v Kirby, 36 NY2d 526). Although it is possible that the county would have reason for not continuing petitioner in his position after the minimum probationary term, it is difficult to conceive of what problems would arise with petitioner’s job performance during that period which had not arisen during the extended period of his provisional appointment.
This case presents the type of manipulation of the Civil Service Law which should not be sanctioned. Accordingly, I would reverse the order of the Appellate Division and order *819 the petitioner reinstated as a permanent appointee subject to an eight-week probationary term.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum; Judge Jasen dissents and votes to reverse in an opinion.
Order affirmed.