OPINION OF THE COURT
Thomas F. McGowan, J.
Effective May 31, 1983, petitioner was appointed to the position of Deputy Commissioner, Social Services, Home and Infirmary, with the County of Erie (County). The appointment was provisional, subject primarily to petitioner taking and passing a civil service examination. Subsequently he took the test and passed. On February 14, 1984, an eligible list was certified, containing two names. Petitioner was the second person on the list.
As of March 12, 1984, petitioner had not yet received a permanent civil service appointment to the Deputy Commissioner position, although he had been told that his work v/as satisfactory. At 4:00 p.m. that day, Commissioner Buscaglia, petitioner’s immediate supervisor, walked into petitioner’s office. He told petitioner that he had bad news: “You’ll have to leave.” Buscaglia stated that he had to have petitioner’s resignation that night or petitioner would be fired. Buscaglia further stated that petitioner would receive no letter of reference if he had to do that. When petitioner said that he needed more time to *384 think it over, Buscaglia replied that he couldn’t give him the time. Buscaglia said, in substance, that petitioner would be fired if he, Buscaglia, didn’t have petitioner’s resignation before he left petitioner’s office that day. Buscaglia produced a letter of resignation, and petitioner signed.
Petitioner testified that a letter of reference is very important in the competitive field of hospital administration and that he was well aware of that fact on March 12,1984. He also produced a witness, Mr. Lowell Kruse, who testified that it is “damaging” for an applicant for a position in the health administration field to be without a letter of reference for each position held.
It is the finding of this court that Mr. Lelio’s resignation from his County position was not voluntary and was obtained under duress (see, Matter of Willis v Von Holden, 67 AD2d 810; Matter of Kinney v Miller, 37 AD2d 684). The resignation obtained as a result of the March 12, 1984 meeting between petitioner and Commissioner Buscaglia is therefore invalid. For all practical purposes, petitioner was involuntarily terminated on that date.
Civil Service Law § 65 (4) provides as follows: “Successive provisional appointments. Successive provisional appointments shall not be made to the same position after the expiration of the authorized period of the original provisional appointment to such position; provided, however, that where an examination for a position or group of positions fails to produce a list adequate to fill all positions then held on a provisional basis, or where such list is exhausted immediately following its establishment, a new provisional appointment may be made to any such position remaining unfilled by permanent appointment, and such new provisional appointment may, in the discretion of the appointing authority, be given to a current or former provisional appointee in such position, except that a current or former provisional appointee who becomes eligible for permanent appointment to any such position shall, if he is then to be continued in or appointed to any such position be afforded permanent appointment to such position.” Civil Service Law § 65 (2) states that “[n]o provisional appointment shall continue for a period in excess of nine months.”
Petitioner’s provisional term expired on February 28, 1984 — nine months after the effective date of his appointment. When the eligible list certified on February 14, 1984 proved to be inadequate (Civil Service Law § 61 [1]; see also, Matter of La Sota v Green, 76 AD2d 895, revd on other grounds 53 NY2d 631), the County could have made a new, successive provisional appointment to the Deputy Commissioner position since that *385 position remained unfilled by permanent appointment. Nothing in the statute requires that such successive appointment be made from the inadequate eligible list or that it be given to the person who held the prior provisional appointment to that position.
However, in the case at bar, no new provisional appointment was made. Petitioner was simply “continued in” that position, past the expiration of his provisional term. This being the case, and because petitioner has become “eligible” by virtue of his standing on the new certified list, the statute requires that he “be afforded permanent appointment to that position” (Civil Service Law § 65 [4]; see also, Matter of La Sota v Green, 53 NY2d 631, supra). Civil Service Law § 65 (3) is not applicable because that subdivision applies where an “appropriate eligible list” is established and not where, as here, the eligible list is inadequate (cf. Matter of Haynes v County of Chautauqua, 55 NY2d 814).
Accordingly, petitioner should have been afforded a permanent appointment with probationary status as of February 29, 1984, when he commenced serving a second provisional term. The probation period shall be continued as of the date of reinstatement pursuant to this decision, with credit towards such probationary term for the period from February 29, 1984 until March 12, 1984. Back pay shall be awarded from the date of termination.