■ In the Matter of PARMOD DHAWAN, Appellant, v OFFICE OF THE SUFFOLK COUNTY MEDICAL EXAMINER et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondents to reappoint the petitioner to the civil service position of forensic scientist I (serology), or in the alternative, to appoint him to the position of forensic scientist II (serology), the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Jones, J.), entered October 15, 1987, which dismissed the proceeding on the merits.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the petition is granted to the extent that the respondents are directed to appoint the petitioner to the position of forensic scientist I (serology), with back pay and benefits from March 15, 1985, less the amount of compensation earned by the petitioner in any other employment or occupation and any unemployment benefits he may have received during that period.

In December 1981 the petitioner was appointed, on a provisional basis, to the civil service position of forensic scientist I (serology) in the office of the Suffolk County Medical Examiner. In March 1984 the petitioner took a competitive examination for the purpose of becoming a candidate for permanent appointment to that position. On January 11, 1985, a list of seven eligible candidates was established for filling three vacant forensic scientist I (serology) positions.

The petitioner ranked first on the list with another candidate, who tendered his resignation in January and accepted an offer of employment in another State. On March 4, 1985, the two candidates who tied for third on the list were ap-

pointed to fill two of the three vacant positions. On March 8, 1985, the petitioner was orally notified by the Chief Medical Examiner that he would not be permanently appointed and that his employment would be terminated. On March 13, 1985, he received a letter advising him that he would be discharged at the close of business on March 15, 1985. Approximately six weeks after the appointments to two of the three vacant positions were made, the petitioner received a precanvass letter, noting that a permanent vacancy for forensic scientist I (serology) existed and requesting those persons interested in an interview for this position to so indicate. On June 3, 1985, a person not on the eligibility list was appointed to the third vacancy. It is undisputed that the fifth-ranked candidate on the eligibility list had been appointed to a forensic scientist II (ballistics) position and that the sixth- and seventh-ranked candidates had declined the position of forensic scientist I (serology).

Civil Service Law § 65 (3) requires that a provisional appointment be terminated within two months after the establishment of an eligible list for the vacancy. The date the petitioner's provisional appointment terminated (Mar. 15, 1985) was more than two months after the establishment of the eligible list for his position. The petitioner's continuation as a provisional appointee for a longer period was a clear violation of the statute, but that violation, in itself, does not confer any right to permanent status. Provisional employment ripens into a permanent appointment only if the conditions specified in Civil Service Law § 65 (4) are met, to wit: "an examination for a position * * * fails to produce a list adequate to fill all positions then held on a provisional basis, or where such a list is exhausted immediately following its establishment" *(Matter of Becker v New York State Civ. Serv. Commn.,* 61 NY2d 252, 256). The petitioner has the burden of showing that the eligible list was inadequate or immediately exhausted *(see, Matter of Becker v New York State Civ. Serv. Commn., supra; see also, Matter of Sherman v Reavy,* 178 Misc 732). Consequently, the dispositive issue on this appeal is whether the petitioner met his burden of proof. "A list numerically adequate at the outset [as here] would be 'exhausted' only if, because of appointments from the list to other positions, or because candidates on the list were unwilling to accept the position, or for any other reason, the appointment did not under section 61 of the Civil Service Law have to be made from the list" *(Matter of Becker v New York State Civ. Serv. Commn., supra,* at 256).

Civil Service Law § 61 (1) provides that "[a]ppointment * * * from an eligible list to a position in the competitive class shall be made by the selection of one of the three persons certified by the appropriate civil service commission as standing highest on such eligible list *who are willing to accept* such appointment" (emphasis supplied).

Since three vacancies existed, the one-out-of-three rule required the appointments be made from a list of at least five eligible candidates willing to accept appointment *(see, e.g., Matter of Schmitt v Kiley,* 124 AD2d 661, 662; *Matter of Organization of N. Y. State Mgt./Confidential Employees v Lawton,* 106 AD2d 48, 50; *see also, Matter of La Sota v Green,* 53 NY2d 631). Here, it is not disputed that the candidate who tied with the petitioner for the first rank resigned and accepted a job in another jurisdiction prior to any appointments. Thus, it can be inferred that this candidate was not willing to accept appointment. Furthermore, it is not disputed that the sixth- and seventh-ranked candidates declined appointment. Notwithstanding the nondisclosure of the date the latter candidates declined appointment, absent any other facts to the contrary, a reasonable inference may be drawn from their refusal that each candidate was not willing to accept appointment. Proof that three candidates were unwilling to accept appointment indicates that the list was immediately exhausted following its establishment because there remained only four eligible and willing candidates, an inadequate number from which to make appointments to all three vacancies. Unlike the facts in *Becker (supra),* but similar to *Matter of La Sota v Green* (53 NY2d 631, *supra),* a finding that the list was immediately exhausted is further evidenced by the fact the appointment actually made to the third vacancy was not a candidate from the eligible list.

A review of the record discloses that the facts adduced by the petitioner support a reasonable inference that the list was exhausted immediately after it was established and the burden then shifted to the respondents to rebut this inference. The respondents' less than candid papers proffer no evidentiary facts to rebut the inference that the list was immediately exhausted. Since the conditions of Civil Service Law § 65 (4) were satisfied, the petitioner's continuation as a provisional appointee, in violation of Civil Service Law § 65 (3), albeit for only a few days, transformed the appointment into one of permanent status *(see, Matter of La Sota v Green,* 53 NY2d 631, *supra).* Mollen, P. J., Rubin and Balletta, JJ., concur.

Sullivan, J., dissents and votes to affirm the judgment

appealed from, with the following memorandum, in which Kooper, J., concurs: I conclude both that the petitioner has failed to meet his legal burden of demonstrating that he is entitled to appointment pursuant to Civil Service Law § 65, and that the factual evidence in the record clearly refutes his claim to such an entitlement. Accordingly, I dissent.

The petitioner was provisionally appointed to the classified position of forensic scientist I (serology) on December 7, 1981. In March 1984 competitive examinations were given for the positions of forensic scientist I (serology) and forensic scientist II (serology). On January 11, 1985, the Suffolk County Department of Civil Service established eligible list number 84-2262-040 containing seven names to fill three positions as forensic scientist I (serology) and eligible list number 84-2263-040 for the position of forensic scientist II (serology), containing four names. On that date there were three persons including the petitioner, who were serving as provisional appointees in the title of forensic scientist I (serology). All of them were on the eligible list for this position. Pursuant to Civil Service Law § 65 (3), which generally provides that a provisional appointment shall be terminated within two months following the creation of an appropriate eligible list for filling the position, the certification of these provisional employees was continued only to March 12, 1985. On March 4, 1985, two of the provisionals, Diane J. Detlefsen, who was third on the eligible list, and Paul A. Hojnacki, who was fourth, received permanent appointments. On March 8, 1985, the Chief Medical Examiner advised the petitioner that he would not receive a permanent appointment, and on the same day a letter was prepared and sent to the petitioner on March 12, 1985, advising him that his provisional employment would be terminated as of the close of business on March 15, 1985. This letter was received by the petitioner on March 13, 1985.

The petitioner thereafter instituted this proceeding seeking to be appointed to the position of forensic scientist II or in the alternative, to be reinstated to the position of forensic scientist I. The Supreme Court dismissed the petition, reasoning that the petitioner was not continued in his provisional appointment beyond March 12, 1985 in violation of Civil Service Law § 65 (3), because he was informed on March 8, 1985, that he would not be reappointed. I would affirm the dismissal of the proceeding, but for the reasons that follow.

The heart of the petitioner's contention is that his provisional status automatically ripened into permanent status by operation of the provisions of Civil Service Law § 65. However,

the mere fact that the petitioner remained as a provisional employee for far longer than the nine-month limitation set forth in Civil Service Law § 65 (2) does not convert his status to that of a permanent appointee *(see, Matter of Vazquez v New York City Dept. of Social Servs.,* 56 AD2d 432, 434, *affd* 44 NY2d 720). Moreover, as my colleagues accurately observe, the petitioner cannot obtain reinstatement solely on the basis that he was continued in his provisional status for two months and four days after the January 11, 1985 establishment of the eligible list for forensic scientist I (serology) *(see, Matter of Becker v New York State Civ. Serv. Commn.,* 61 NY2d 252; *Matter of Haynes v County of Chautauqua,* 55 NY2d 814). I note in this regard that, contrary to the finding of the Supreme Court, it is March 15, 1985, the last day on which the petitioner worked, rather than March 8, 1985, the day upon which he was told he would not receive a permanent appointment, that is controlling for the purpose of determining whether the two-month limitation of Civil Service Law § 65 (3) has been violated. Accordingly, there is no disagreement regarding the fact that Civil Service Law § 65 (3) was violated in this case, nor is there any dispute concerning the principle that such a violation, without more, does not provide a basis for entitlement to permanent appointment.

As the Court of Appeals has stated in *Matter of Haynes v County of Chautauqua* (55 NY2d 814, *supra)* and *Matter of Becker v New York State Civ. Serv. Commn.* (61 NY2d 252, *supra),* a provisional status will ripen into a permanent status only if the conditions of *both* Civil Service Law § 65 (3) and (4) have been met. Inasmuch as the petitioner's provisional appointment was continued for more than two months after the establishment of an eligible list, Civil Service Law § 65 (3) has been satisfied. However, Civil Service Law § 65 (4) provides that: "Successive provisional appointments shall not be made to the same position after the expiration of the authorized period of the original provisional appointment to such position; provided, however, *that where an examination for a position or group of positions fails to produce a list adequate to fill all positions then held on a provisional basis, or where such list is exhausted immediately following its establishment,* a new provisional appointment may be made to any such position remaining unfilled by permanent appointment, and such new provisional appointment may, in the discretion of the appointing authority, be given to a current or former provisional appointee in such position, except that a current or former provisional employee who becomes eligible for per-

manent appointment to any such position shall, if he is then to be continued in or appointed to any such position be afforded permanent appointment to such position" (emphasis supplied). The petitioner has not met his burden of establishing that he has satisfied the foregoing conditions of Civil Service Law § 65 (4), as he has failed to demonstrate that the eligible list for forensic scientist I (serology) was either inadequate or immediately exhausted prior to his discharge on March 15, 1985.

Contrary to the finding of the Supreme Court, the eligible list was not inadequate when it was established. There were three provisional employees in this classification, and the one-out-of-three rule mandated by Civil Service Law § 61 would require at least five eligible candidates to constitute an adequate list. Since list number 84-2262-040, as established January 11, 1985, contained seven names, it was an adequate list. That the first person on the list, Ira Dubey, had taken a position in another State sometime in January did not render the list inadequate, as six eligibles remained.

The next inquiry concerns the date upon which the list became exhausted. When Detlefsen and Hojnacki were appointed from the list on March 4, 1985, there were four eligibles remaining on the list and only one vacant position remaining. Clearly, at that time, the list was not exhausted. In order to meet the conditions of Civil Service Law § 65 (4), the petitioner had the burden of proving that list number 84-2262-040 was exhausted sometime between March 12, 1985, after his certification as a provisional employee expired, and March 15, 1985, when he was discharged. Those are the significant dates in the present inquiry, since it was only during this period that the petitioner, who was eligible for permanent appointment, was continued in his position after his provisional certification lapsed. Accordingly, if list number 84-2262-040 was still viable (i.e., contained the names of at least three persons willing to accept permanent appointment to the one remaining position) on March 15, 1985, then the conditions of Civil Service Law § 65 (4) would not be satisfied and the petitioner would not be entitled to appointment to the position.

The petitioner has failed to demonstrate that the list was exhausted during this period. There is no dispute that the sixth- and seventh-ranked candidates on the eligible list eventually declined appointment, thereby leaving only two names on the eligible list and rendering it exhausted. However, the petitioner has presented absolutely no evidence indicating

that these two persons declined appointment or otherwise manifested an unwillingness to accept the position between the key dates of March 12, 1985 and March 15, 1985. Rather, my colleagues infer that the list became exhausted during this interval from the mere facts that these two persons eventually declined appointment and that the remaining position was filled on June 3, 1985 (more than 2½ months after the discharge of the petitioner) by a person who was not on the list. I cannot agree with this analysis. Indeed, the "precanvass letter" sent by the Suffolk County Department of Civil Service to the petitioner on April 17, 1985, supports a contrary conclusion. That letter, sent pursuant to Civil Service Law § 61 (1), sought to ascertain if the petitioner, who was still listed as eligible on list number 84-2262-040, was interested in being interviewed for permanent appointment to the remaining forensic scientist I (serology) position. Significantly, the letter, which expressly refers to list number 84-2262-040, contains a caution that failure to appear for a scheduled interview "WILL RESULT IN THE PERMANENT INACTIVATION OF YOUR NAME FROM THIS ELIGIBLE LIST". Therefore, it is obvious that list number 84-2262-040 was still viable as of April 17, 1985, more than one month after the date of the petitioner's discharge. Moreover, if any inference is to be drawn in this case, it is that the two candidates on the list who declined to be considered for appointment did so subsequent to, and as a result of, this precanvass letter. Thus, it appears that the list was exhausted after March 15, 1985, and the petitioner is clearly not entitled to appointment.

The petitioner's contention that the letter of April 17, 1985 indicates that the list was exhausted prior to that date is untenable. The very language employed in the document demonstrates that the opposite was true. Accordingly, the provisional appointment of a person not from the list on June 3, 1985 was not in violation of Civil Service Law § 65 (4). Rather, this appointment strongly supports the conclusion that list number 84-2262-040 became exhausted only after the Suffolk County Department of Civil Service received the results of this April 17, 1985 precanvass letter.

Additionally, the petitioner's alternative claim that he should be considered for appointment as forensic scientist II (serology) is without merit. It appears that the one appointment made from list number 84-2263-040 was of a person who was third on that list. This was in conformity with Civil Service Law § 61 (1).