■ In the Matter of the Arbitration between INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, LOCAL 30, Petitioner, and WHITE PLAINS HOSPITAL ASSOCIATION, Respondent.— Proceeding under section 716 of the Labor Law and CPLR 7511 (1) to modify an award of an arbitrator, dated March 3, 1972, "on the grounds that the award is imperfect in a matter of form, not affecting the merits of the controversy in that the term of the Labor contract set forth in the award is unclear and the said contract should be modified to include a specific statement of the term of the agreement as set forth in a letter of clarification of the Arbitrator dated April 6, 1972," so as to specifically set forth the term to be July 23, 1970 to July 22, 1972, and (2) for judgment upon the award with such modification. The answer to the petition seeks confirmation of the award pursuant to CPLR 7511 (subd. [e]). Petition denied and cross application to confirm the award denied. However, on the law and in the exercise of discretion, relief is granted, under the petition and on the court's own motion, to the extent of remitting the matter to the same arbitrator for redetermination of the award with respect to the dates of commencement and termination of the contract term. Prior to rendering such award, the arbitrator shall afford the parties opportunity to submit briefs on said question of duration. No costs are awarded to either party. The petitioner labor union was certified on July 23, 1970. Collective bargaining promptly began. Subsequently, mediators were brought in. On or about January 25, 1971, the respondent hospital submitted a proposed contract. The union's negotiating committee submitted the proposal to the membership, without recommendation either way. The membership rejected it. Subsequently, compulsory arbitration took place pursuant to section 716 of the Labor Law. The award of March 3, 1972 purports to establish a term of agreement of 24 months' duration "from the date hereof". The award's wage schedule, in the context of the arbitrator's opinion, appears to cover the period July, 1970 to July 1972; and the prior negotiations and positions of the parties give substance to this interpretation. Subsequent to the award, the arbitrator, on April 6, 1972, in response to an inquiry from the union, advised the parties by letter that the term was intended to be July 23, 1970 to July 22, 1972. The hospital's position is that the letter is a nullity, that the term is to run two years, from 1972 to 1974, and that it accepted the award on that basis. Under the circumstances, it cannot be said that the union-requested modification is a matter of form, not affecting the merits of the controversy. However, neither party seeks vacatur of the award. The matter should therefore be remitted to the same arbitrator for redetermination with respect to the duration of the contract term (see *Matter of Hennessy* [*MVAIC*], 26 A D 2d 521, app. dsmd. 19 N Y 2d 836). Martuscello, Acting P. J., Shapiro, Gulotta and Benjamin, JJ., concur; Brennan, J., not voting.

■ In the Matter of DONALD G. ROULETT, Respondent, v. TOWN OF HEMPSTEAD CIVIL SERVICE COMMISSION et al., Appellants.— Judgment of the Supreme Court, Nassau County, dated January 28, 1972, affirmed, with $10 costs and disbursements, on the opinion at Special Term. Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur. [71 Misc 2d 477.]