Andrew R. Tyler, J.
Petitioner brings on this CPLR article 78 proceeding seeking a judgment enjoining respondents from terminating petitioner’s employment as a provisional employee under the job title of Senior Field Representative with respondent State Division of Human Rights.
Petitioner was originally appointed as a provisional employee in 1970, holding the job title above stated. In December, 1970 he successfully passed a competitive examination placing him on the eligibility list for permanent appointment to this job title with a ranking of No. 45, based upon his grading in said examination.
Thereafter, appointments to permanent positions were made from the list (which was extensive) to others who had obtained higher ranking, while petitioner and one other were kept on as provisionals, until his notice of termination for budgetary reasons was given May 16, 1975, effective May 28, 1975.
Petitioner relies upon the provisions of the amendment to subdivision 4 of section 65 of the Civil Service Law (amd May, 1969, L 1969, ch 668, § 1), and the case of Matter of Goings (NYLJ, April 4, 1975, p 17, col 5 [Hellman, J.]) for the proposition that because of respondents’ failure to either terminate his provisional appointment or make his appointment permanent after he was found qualified after examination, that his position as Senior Field Representative should become permanent, entitling him to tenured status which would bar his termination as a provisional employee. With this the court does not agree.
The whole meaning and purport of subdivision 4 of section 65 of the Civil Service Law and the few cases interpreting it leads to the conclusion that a provisional’s appointment can ripen into a permanent one by operation of law, and pursuant to this section only in the case where the appointee was on the eligible list and reachable for appointment, but not appointed for one reason or another, such as where the list is considered inadequate for lack of sufficient names. Thus in Matter of Roulett v Town of Hempstead Civ. Serv. Comm. (40 AD2d 611, affg 71 Misc 2d 477), the court held that petitioner was entitled to permanent status where he was one of two eligible candidates on the list produced by competitive exami *956 nation, and no appointments were made because the list was considered inadequate. In so holding, the court cited the memorandum of the State Department of Civil Service in support of the amendment (2 McKinney’s Session Laws of 1969, pp 2455, 2456), which outlines the statutory purpose, and which stated in pertinent part: "Under this measure [the amendment] if a provisional passed an examination and was reachable for permanent appointment, the appointing officer would either have to give him a permanent appointment or appoint someone else on a permanent or provisional basis”. (Emphasis supplied.)
This is readily distinguishable from the circumstances of this case where indisputably petitioner was never reachable for an appointment where the list was extensive and appointments to this title were made as they became open and in accordance with the order of ranking from the examination. It is well-settled that no legal duty devolves upon respondents to promote petitioner to this permanent position merely because he is found on the eligible list, which confers upon him only the right for selection, appointment or promotion by an appointing officer (Hurley v Board of Educ. of City of N. Y., 270 NY 275; Matter of Spindel v New York City Housing Auth., 41 Misc 2d 363, 367). Indeed, to be in compliance with section 6 of article V of the State Constitution, appointments from an eligible list would have to be made in accordance with their ranking on that list (Hurley v Board of Educ. of City of N. Y., supra, p 280).
While concededly petitioner’s retention as a provisional employee beyond the period provided in subdivisions 2 and 3 of section 65 of the Civil Service Law was wrongful, for the reasons stated, this is not the rare type of situation where he may then claim that his retention ripens into permanent appointment.
Nor can it be said that his termination was arbitrary or capricious where a rational basis was given therefor, to wit, the budgetary crisis facing respondents.
Accordingly, the cross motion to dismiss the petition for failure to state a cause of action-is granted, and the petition is dismissed thereby.