In the Matter of PEDRO F. VAZQUEZ, Appellant, v NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES et al., Respondents.

In the Matter of HERBERT GOINGS, Individually and on Behalf of All Other Provisional Case Aides Similarly Situated, Respondent-Appellant, v NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES et al., Appellants-Respondents.

First Department, March 31, 1977

*Jeffrey L. Kreisberg* of counsel *(Stephen F. Gordon* with him on the brief; *Mirkin, Barre, Saltzstein & Gordon, P. C.,* attorneys), for appellant.

*L. Kevin Sheridan* of counsel *(W. Bernard Richland, Corporation Counsel),* for respondents and appellants-respondents.

*Jeffrey L. Kreisberg* of counsel *(Stephen F. Gordon* and *Gerald J. Barre* with him on the brief; *Mirkin, Barre, Saltzstein & Gordon, P. C.,* attorneys), for respondents-appellants.

NUNEZ, J. Herbert Goings and Pedro Vazquez held provisional appointments as Case Aides in the New York City Department of Social Services. Both took successfully the same civil service examination, with Goings being ranked 16th and Vazquez being ranked 17th on the eligibility list. Neither was appointed to a permanent position while both served in excess of the nine-month provisional appointment limitation set forth in subdivision 2 of section 65 of the Civil Service Law. Both were terminated; and each commenced article 78 proceedings, Goings as a class action for himself and all persons similarly situated and Vazquez in his name alone. This appeal results from orders and judgments entered in these two article 78 proceedings.

Subdivision 2 of section 65 of the Civil Service Law prohibits provisional appointments from continuing in excess of nine months. Under subdivision 4 of section 65 of the Civil Service Law, where a person holds or has held a position for nine months or longer, and an examination for the position fails to produce an adequate eligibility list or where such list is exhausted immediately following its establishment, a new provisional appointment may be made "except that a current or former provisional appointee who becomes eligible for permanent appointment to any such position shall, if he is then to be continued in or appointed to any such position be afforded permanent appointment to such position." Petitioners claim they are entitled to permanent status under this section and cite *Matter of Roulett v Town of Hempstead Civ. Serv. Comm.* (71 Misc 2d 477, affd 40 AD2d 611) in support thereof. However a reading of both reveals that they are inapplicable.

Subdivision 4 of section 65 speaks of permanent appointment where the list is exhausted immediately or is inadequate to fill all positions then held on a provisional basis. Such a situation existed in *Matter of Roulett v Town of Hempstead Civ. Serv. Comm. (supra)* where petitioner was one of only two

persons who passed the civil service examination and was placed on the eligibility list. Petitioner was kept in the position as a provisional for more than nine months. As the eligibility list contained less than three names it was legally insufficient and constituted the situation subdivision 4 of section 65 was enacted to prevent: "where an examination for a position produces a small list having only one or two eligibles willing to accept appointment and where one of such eligibles is the person holding the position on a provisional basis, and the appointing officer refuses to give a permanent appointment to the provisional employee but elects to continue him on a provisional basis." (See 2 McKinney's 1969 Sess Laws of NY, pp 2455-2456.)

In the case at bar, the list is neither inadequate nor was it immediately exhausted. The list contained 357 persons and there were only 13 provisional appointments. Petitioners were ranked 16 and 17 on the eligibility list. In a similar situation in *Sanders v Kramarsky* (85 Misc 2d 954) the court denied permanent status to petitioner even though retention as a provisional for over nine months was wrongful under subdivisions 2 and 3 of section 65, as it was not the rare situation envisioned under subdivision 4 of section 65 which would ripen into a permanent appointment. As petitioners do not rank in the top 13 on the eligibility list and as there are only 13 provisional positions, their appointment would run counter to section 6 of article V of the State Constitution requiring appointments be based on merit and fitness and, therefore, in accordance with the ranking on the list *(Hurley v Board of Educ. of City of N.Y.,* 270 NY 275, 280). While petitioners' retention for a period in excess of nine months was wrongful, such wrong does not inure to their benefit under subdivision 2 of section 65 nor does subdivision 4 of section 65 apply in the instances of these two petitioners.

Finally, the court below was correct in denying class action relief to petitioner Goings as this is not a proper class action *(Matter of Rubin v Levine,* 51 AD2d 765, 766).

Accordingly, the order and judgment (one paper) of the Supreme Court, New York County (HELMAN, J.), entered June 9, 1975, should be modified, on the law, to reverse the judgment and order insofar as they enjoined the termination of Goings and directed his reinstatement and hiring to the position of Permanent Case Aide, and the petition should be

dismissed, and, as so modified, the order should be affirmed, without costs.

The order and judgment (one paper) of the Supreme Court, New York County (TYLER, J.), entered October 23, 1975, denying petitioner-appellant's, Pedro Vazquez', petition for a judgment enjoining respondents from terminating his employment and directing respondents to appoint appellant as a Permanent Case Aide should be affirmed, without costs.

BIRNS, J. P., CAPOZZOLI and LANE, JJ., concur.

Judgment, Supreme Court, New York County entered on October 23, 1975, unanimously affirmed, without costs and without disbursements.

Judgment, Supreme Court, New York County entered on June 9, 1975, unanimously modified, on the law, to reverse said judgment insofar as it enjoined the termination of Goings and directed his reinstatement and hiring to the position of Permanent Case Aide, and the petition dismissed, and, as so modified, the judgment is affirmed, without costs and without disbursements.