OPINION OF THE COURT
Shanley N. Egeth, J.
In this proceeding brought pursuant to CPLR article 78, petitioners challenge certain actions taken by the respondents relating to promotions to the position of associate attorney in. the New York State civil service.
*195 TEST ANNOUNCEMENT
On February 18, 1977 respondents issued an announcement for promotion examinations for the position of associate attorney in various State departments and agencies. The announcement provided that this test could be taken by candidates who had either (A) permanent competitive service as senior attorney, or (B) three years of permanent competitive service as attorney. To be appointed from the eligible list for associate attorney, candidates were required to have either (A) one year of permanent competitive service in a title described in category A, above, or (B) three years of permanent competitive service in a title described in category B, above. The order of certification for the associate level examination was to be as follows: "(D Promotion Unit A eligibles (2) Department A eligibles (3)-(4)-(5) Each agency, prior to the establishment of the eligible lists, will determine the order of certification of promotion unit B eligibles, departmental B eligibles, and interdepartmental A eligibles (6) Interdepartmental B eligibles”.
CONTENTIONS OF PETITIONER
The petitioners each hold permanent competitive civil service status as senior attorney, since at least 1970. Petitioners complain that the above procedures established by respondents discriminate against them and grant preferential treatment to attorneys in the civil service, with lower titles and ratings than petitioners’, for promotion to the title of associate attorney. Petitioners assert that: (a) the normal and proper promotion sequence for attorneys in the civil service is (1) attorney, grade 19, (2) senior attorney, grade 24, (3) associate attorney, grade 28; (b) the order of certification authorized by the February 18, 1977 announcement for associate attorney affords State agencies discretion to reach and appoint promotional unit and departmental B eligibles (i.e., attorneys, grade 19) over and before interdepartmental A eligibles (i.e., senior attorneys, grade 24); (c) this order of certification gives agencies the option to promote attorneys to the associate level within a specific agency from the title of attorney, in preference to attorneys outside the agency in the title of senior attorney; and (d) this promotion procedure is unauthorized and contrary to the law, and is thus arbitrary and capricious.
This court does not agree.
*196 DISCUSSION OF APPLICABLE LAW
Section 52 of the Civil Service Law authorizes the filling of vacancies by promotion examinations:
"1. * * * Except as provided in section fifty-one, vacancies in positions in the competitive class shall be filled, as far as practicable, by promotion from among persons holding competitive, class positions in a lower grade in the department in which the vacancy exists, provided that such lower grade positions are in direct line of promotions, as determined by the state civil service department or municipal commission; except that where the state civil service department or a municipal commission determines that it is impracticable or against the public interest to limit eligibility for promotion to persons holding lower grade positions in direct line of promotion, such department or commission may extend eligibility for promotion to persons holding competitive class positions in lower grades which the department or commission determines to be in related or collateral lines of promotion, or in any comparable positions in any other unit or units of governmental service and may prescribe minimum training and experience qualifications for eligibility for such promotion.
"2. Factors in promotion. Promotion shall be based on merit and fitness as determined by examination, due weight being given to seniority. The previous training and experience of the candidates, and performance ratings where available, may be considered and given due weight as factors in determining the relative merit and fitness of candidates for promotion * * *
"4. Departmental and interdepartmental promotion lists. The state civil service department and municipal commissions may establish interdepartmental promotion lists which shall not be certified to a department until after the promotion eligible list for that department has been exhausted.” Subdivision 1 of section 61 of the Civil Service Law provides for the use of eligibile lists, and requires that "[a]ppointments and promotions shall be made from the eligibile list most nearly appropriate for the position to be filled.”
It is clear that the respondents have acted pursuant to the authority and discretion granted them by the above provisions of the Civil Service Law. Respondents determined that attorneys with three years service in the attorney title classification could take the examination along with attorneys in the senior attorney classification; and that each individual agency *197 could predetermine based upon its own unique experience and needs whether the promotion unit B eligible, departmental B eligible, or interdepartmental A eligible lists would be "most nearly appropriate” for their promotions to associate attorney. Nothing in the Civil Service Law prohibits the utilization of such a procedure; indeed, preference for in iradepartment promotions versus in ¿erdepartment promotions is implicitly encouraged in subdivision 1 of section 52.
The respondents have broad discretion in matters relating to promotions within the civil service; a promotion plan established by respondents will not be interfered with by the courts if any fair argument or rational basis can be made in support of such plan. (Matter of Hoffman v Poston, 49 AD2d 316; Matter of Objectant No. 37801 v New York State Dept. of Civ. Serv., 33 AD2d 811; see Matter of Colton v Berman, 21 NY2d 322, 329.)
The asserted purpose of the instant promotion plan for the title of associate attorney was to afford agencies the opportunity to promote attorneys with experience within the agency, instead of attorneys of a higher classification but without experience in the agency. This purpose, and the rationale behind it, possesses a rational and sound basis. The value an agency or department places upon experience in that particular agency or department is a valid criterion which is not necessarily reflected by ratings based upon seniority and performance on a general examination; such experience may validly be weighed against examination ratings.
CONCLUSION
The court concludes that the promotion plan for associate attorney announced on February 18, 1977 has a rational basis, is not arbitrary and capricious, and it is authorized by the Civil Service Law. Accordingly, the petition is denied and this proceeding is dismissed.
Settle judgment.