In the Matter of KEVIN R. CARLISLE, Appellant, v JOHN P. BUCKLEY et al., Constituting the Troy Civil Service Commission, Respondents.

Third Department, June 26, 1980

## APPEARANCES OF COUNSEL

*Roemer & Featherstonhaugh (William M. Wallens* of counsel), for appellant.

*Donald C. Bowes, Corporation Counsel (Michael E. Rourke* of counsel), for respondents.

## OPINION OF THE COURT

GREENBLOTT, J.

On or about September 16, 1977, petitioner received a provisional appointment to the position of Senior Planner

with the City of Troy. Following an open competitive examination for that position on May 20, 1978, an eligible list was promulgated containing six qualified candidates with petitioner's name ranked first. However, respondent, the City Manager, did not appoint anyone from the eligible list, but retained petitioner as a provisional Senior Planner. On or about April 3, 1979, Buckley orally notified petitioner that his services as a Senior Planner would be terminated immediately.

Petitioner then commenced this article 78 proceeding for a judgment directing his reinstatement to his former position with full back pay and benefits and ordering that he be certified permanent to the Senior Planner position. He contended that his appointment as a Senior Planner had become permanent and that his dismissal without service of notice of charges and an arbitration hearing thereon, was in violation of the collective bargaining agreement. In his answer, the City Manager contended that due to "administrative inadvertence", he made no appointments from the eligible list for the position of Senior Planner, and that he terminated petitioner in the belief that he was a provisional employee outside the scope of the collective bargaining agreement. Special Term dismissed the petition due to the failure to name as respondents the other individuals on the eligible list.

Subdivision 2 of section 65 of the Civil Service Law provides that a provisional appointment shall not continue for a period in excess of nine months, and under subdivision 3, following the establishment of an eligible list, a provisional appointment is required, with an exception not pertinent here, to be terminated within two months thereof. Subdivision 4 of section 65 then provides that "[s]uccessive provisional appointments shall not be made to the same position after the expiration of the authorized period of the original provisional appointment to such position". Accordingly, petitioner was required to be terminated within two months following the establishment of the eligible list, and his continued retention beyond that time as a provisional appointee was improper.

Under subdivision 4, however, where a provisional appointee has held a position for nine months or longer, and an examination for the position fails to produce an adequate eligibility list or where the list is exhausted immediately following its establishment, a new provisional appointment may be given to the current provisional appointee. However,

subdivision 4 further provides that where "a current or former provisional appointee who becomes eligible for permanent appointment to any such position shall, if he is then to be continued in or appointed to any such position be afforded permanent appointment to such position."

This quoted exception to the successive appointment of provisionals applies in two situations: where the list is exhausted immediately or where it is inadequate to fill all positions then held on a provisional basis (see *Matter of Vazquez v New York City Dept. of Social Servs.,* 56 AD2d 432, 433; *Matter of Roulett v Town of Hempstead Civ. Serv. Comm.,* 71 Misc 2d 477, affd 40 AD2d 611. See, also, 2 McKinney's 1969 Sess Laws of NY, pp 2455-2456). Neither of these two situations is present in the instant case; the eligible list contained six names and it was not exhausted immediately. On facts similar to the case at bar, however, the Fourth Department concluded that subdivision 4 nevertheless applies: "Subdivision 4 of section 65 of the Civil Service Law provides that when a provisional employee takes the examination and becomes eligible for permanent appointment, continuation of the employee in his position affords him permanent status. Since appellant was a provisional employee when he took the examination and qualified for permanent appointment by passing the examination, he obtained permanent status on September 18, 1974, the day he was notified that he was first on the civil service list." (*Matter of Smith v Hoyt,* 59 AD2d 1058.)

Although the court in *Smith* did not refer to the fact that subdivision 4 applies in the two situations noted above, we fail to perceive why their absence should deprive the petitioner here of the protection afforded by subdivision 4. Petitioner should not be in a worse position because an adequate eligibility list was established; it seems clear that once an adequate eligibility list is established, the appointing officer must make an appointment therefrom without unreasonable delay. He may not ignore the list and continue in employment a provisional appointee who has become eligible and reachable for permanent appointment. In describing the abuses which had resulted from inadequate eligibility lists, the State Department of Civil Service explained that the process of arranging for re-examinations "can go on and on until a list of at least three persons willing to accept appointment is produced, thus *forcing* the appointing *officer to make a permanent appoint-*

*ment"* (2 McKinney's 1969 Sess Laws of NY, p 2456, emphasis added).

Accordingly, we conclude that since petitioner, a provisional appointee, became eligible for appointment, was reachable for appointment, and was continued in his position for more than nine months and more than two months following the establishment of the adequate eligible list, his provisional appointment ripened into a permanent appointment. His termination, therefore, was in violation of the collective bargaining agreement. Under these circumstances, it was unnecessary for petitioner to join as respondents the other individuals named on the eligible list; petitioner is merely asserting his rights as a permanent appointee.

The judgment should be reversed, on the law, without costs, and matter remitted for further proceedings not inconsistent herewith.

MAIN, MIKOLL and HERLIHY, JJ., concur; MAHONEY, P. J., not taking part.

Judgment reversed, on the law, without costs, and matter remitted for further proceedings not inconsistent herewith.