■ In the Matter of ROOSEVELT HAYNES, Respondent, v COUNTY OF CHAUTAUQUA et al., Appellants. — Judgment unanimously reversed, on the law, without costs, and petition dismissed. Memorandum: Petitioner was provisionally appointed as a medical social worker at the Chautauqua County Home and Infirmary on April 26, 1976 when no civil service eligible list was in existence for the position. He took a competitive civil service examination in April, 1979 and on October 22, 1979 an eligible list was established for this job classification by the Chautauqua County Civil Service Department on which petitioner was ranked number one together with two other individuals. On November 20, 1979 petitioner was notified in writing that he was being denied permanent employment status and that his employment was being terminated on December 7, 1979. He then instituted this article 78 proceeding seeking reinstatement and back pay, claiming that he was continued in his job after October 22, 1979 and thus became a permanent employee. Special Term granted this relief, holding that petitioner became a probationary employee on the date that he was notified of his ranking on the eligible list. Special Term further held that petitioner was entitled to a hearing pursuant to section 75 of the Civil Service Law because employment was terminated during the statutorily required eight-week probationary period commencing on October 22, 1979. The county contends that the provisional appointment never ripened into permanent employment by virtue of petitioner's eligibility for appointment from the civil service list. It also asserts that only permanent appointees can obtain probationary status and that petitioner, as a provisional appointee, could be terminated without formal charges or a hearing. We agree. Subdivision 3 of section 65 of the Civil Service Law provides that a provisional appointee shall be terminated, with one exception, within two months following the establishment of an appropriate eligible list; and subdivision 4 provides that a provisional appointee who becomes eligible for permanent appointment shall "if he is then to be continued in or appointed to any such position be afforded permanent appointment to such position" (as amd by L 1969, ch 668, § 1). The purpose of the 1969 amendment was to end the abusive practice of the continued retention of a person as a provisional appointee when such person was eligible for permanent employment (Memorandum of State Dept of Civ Serv, 1969 McKinney's Session Laws of New York, pp 2455-2456). A provisional appointee would either be fired or given a permanent appointment. It is clear that the statute contemplates that a provisional appointee may be terminated after he has become eligible for permanent appointment but before permanent appointment has either been actually made (see Civil Service Law, § 61, subd 1) or constructively granted in circumstances where the appointing authority fails timely to terminate such provisional appointee pursuant to subdivision 3 of section 65 of the Civil Service Law *(Matter of Smith v Hoyt,* 59 AD2d 1058; see, also, *Matter of*

*Roulett v Town of Hempstead Civ. Serv. Comm.,* 71 Misc 2d 477, affd 40 AD2d 611). Petitioner's reliance on the case of *Matter of Smith v Hoyt (supra),* is misplaced. In *Smith* the petitioner, a provisional appointee, was continued for 14 months after he became eligible for permanent appointment. The statement of the court (p 1058) that Smith achieved "permanent status on * * * the day he was notified that he was first on the civil service list" simply meant that when the provisional employee is continued for a period of time longer than two months (or four months under the appropriate circumstances) (Civil Service Law, § 65, subd 3) and thereby became a permanent employee on probationary status, the date of her permanent appointment related back to the date of notification on eligibility for purposes of determining when his probationary period as such permanent appointee began to run (Civil Service Law, § 63). In the instant case petitioner was notified of his position on the eligibility list on October 22, 1979 and notified that he was being terminated on November 20, 1979, within the two-month statutory period for firing provisional employees under subdivision 3 of section 65 of the Civil Service Law. Petitioner was neither formally continued in nor appointed pursuant to section 61 of the Civil Service Law to the position for which the eligible list was created, and mere silence on the part of the appointing authority within the two-month period cannot be deemed tantamount to the provisional appointee's being "continued in * * * any such position". Notification of his position on the eligible list does not, standing alone, vest the provisional appointee with any additional status. His prior time in the position and his high score do not give him any assurance of a permanent appointment, and the Chautauqua County Department of Social Services was within its rights to terminate petitioner when it did. Since petitioner did not obtain permanent status he was not a probationary employee. Thus as a provisional appointee he may be discharged from his position without a hearing or cause shown *(Sirohi v Merges,* 88 Misc 2d 21, affd 58 AD2d 645). (Appeal from judgment of Chautauqua Supreme Court — art 78.) Present — Simons, J.P., Callahan, Denman, Moule and Schnepp, JJ. [105 Misc 2d 1035.]