OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner contends that he was improperly terminated as a medical social worker at the Chautauqua County Home and Infirmary. He received a provisional appoint *816 ment on April 26, 1976. At that time, no civil service eligible list existed for the position. On October 22, 1979, an eligible list was established, and petitioner, who had taken a competitive civil service examination in April, 1979, was ranked first with two other persons. On November 20,1979, he was notified that his employment would be terminated on December 7, 1979.
Petitioner maintains that he became a permanent probationary employee when the civil service eligible list was established on October 22,1979, and he therefore could not be removed without a hearing during the eight-week minimum probationary period. Under the terms of the statute, however, petitioner remained a provisional employee until he was terminated. Subdivision 3 of section 65 of the Civil Service Law states that a “provisional appointment to any position shall be terminated within two months following the establishment of an appropriate eligible list for filling vacancies in such positions”. For petitioner’s position, the eligible list was established on October 22 and his employment was terminated effective December 7, 1979, well within the two-month period.
Petitioner misses the mark with his contention that subdivision 4 of section 65, as construed in Matter of La Sota v Green (53 NY2d 631), conferred permanent probationary status upon him when the October 22 eligible list was established. That subdivision, by its express terms, applies only where “an examination for a position or group of positions fails to produce a list adequate to fill all positions then held on a provisional basis, or where such list is exhausted immediately following its establishment” (Civil Service Law, § 65, subd 4). Here the list was adequate and was not exhausted. Although it is true that petitioner was continued in his provisional appointment well beyond the maximum nine-month period (Civil Service Law, § 65, subd 2), the statute does not convert such a continuation, by itself, into permanent employment status.
Whatever appeal the argument that such a continuation by itself should transform a provisional appointment to a permanent one has, the fact remains that the Legislature has refrained from so providing. Absent such action by the Legislature, retention of a provisional employee beyond *817 nine months, although proscribed by subdivision 2 of section 65, does not, without more, ripen into a permanent appointment (see Matter of Vazquez v New York City Dept. of Social Servs., 56 AD2d 432, 434, affd 44 NY2d 720).