OPINION OF THE COURT
Kaye, J.
Respondent, a speech and hearing therapist, was continued in her provisional civil service appointment for two months and eight days after a list, by which she became eligible for permanent appointment to that position, was established. Special Term concluded that, because of her retention in the position for more than two months after the eligible list was established (which is a violation of Civil Service Law, § 65, subd 3), respondent was entitled to permanent status under subdivision 4 of that section, and the Appellate Division affirmed. In Matter of Haynes v County of Chautauqua (55 NY2d 814), we determined that even though an employee showed that his provisional appointment was wrongfully continued after he became eligible for permanent status in violation of subdivision 2 of section 65, the employee was not entitled to permanent status unless the additional conditions of subdivision 4 were met. Since here, as in Haynes, the additional conditions of subdivision 4 have not been met, we now reverse the order below and dismiss respondent’s article 78 petition seeking reinstatement with permanent status and back pay.
Respondent, employed at Letchworth Village Developmental Center since 1972, received a permanent civil service appointment as an audiologist, grade 17, in 1973. She was assigned the position of chief speech and hearing therapist, grade 23, on a provisional basis in March, 1975. Although she remained in the position on a provisional *255 basis, the title of respondent’s position was changed to program co-ordinator II on June 28, 1979. In the fall of 1980, the State ordered a presentation of credentials in lieu of examination for the permanent position of program coordinator II.
As a result, on April 2, *1981 an eligible list was established by which respondent and several others became candidates for permanent appointment to the position of program co-ordinator II. (Civil Service Law, § 61, subd 1; 4 NYCRR 3.6.) On May 26, 1981, respondent was notified that she was being returned to her permanent position of audiologist, grade 17, and that her provisional appointment was terminated effective June 10, 1981. That date was more than two months after the establishment of the eligible list for her position. Although respondent’s supervisor, who had just recently come on the job and was in the process of reorganizing the department, initially felt that none of the eligible candidates possessed the requisite skills for the position and a decision was made to leave the position temporarily vacant, another eligible candidate from that list was given the permanent appointment to respondent’s former position in May, 1982.
Subdivision 3 of section 65 of the Civil Service Law provides in pertinent part that “[a] provisional appointment to any position shall be terminated within two months following the establishment of an appropriate eligible list for filling vacancies in such positions”. It is undisputed that respondent was not terminated as a provisional appointee within two months following the establishment of the eligible list for her position. However, by itself, subdivision 3 does not confer any right to permanent status. Provisional employment ripens into a permanent appointment only pursuant to subdivision 4 of section 65, which reads: “Successive provisional appointments shall not be made to the same position after the expiration of the authorized period of the original provisional appointment to such position; provided, however, that where an examination for a position or group of positions fails to produce a list adequate to fill all positions then held on a provisional basis, or where such list is exhausted immediately following its establishment, a new provisional appointment may *256 be made to any such position remaining unfilled by permanent appointment, and such new provisional appointment may, in the discretion of the appointing authority, be given to a current or former provisional appointee in such position, except that a current or former provisional appointee who becomes eligible for permanent appointment to any such position shall, if he is then to be continued in or appointed to any such position be afforded permanent appointment to such position.”
Respondent was clearly a provisional appointee who became eligible for permanent appointment, but she has not satisfied the additional conditions of subdivision 4. The exception to subdivision 4 found in its last clauses does not stand alone, but must be read with reference to the entire provision. As the statute states and this court has held, subdivision 4 applies only when “an examination for a position * * * fails to produce a list adequate to fill all positions then held on a provisional basis, or where such list is exhausted immediately following its establishment”. (Matter of Haynes v County of Chautauqua, 55 NY2d 814, 816, supra; Matter of Vazquez v New York City Dept. of Social Servs., 56 AD2d 432, 434, affd 44 NY2d 720.)
Here, there was no showing that the eligible list was inadequate or immediately exhausted. On the contrary, the presentation of credentials provided a list of candidates adequate in number to permit a permanent appointment to respondent’s position, and that list was not immediately exhausted, since there remained a sufficient number of eligible candidates from which a choice could be made. A list numerically adequate at the outset would be “exhausted” only if, because of appointments from the list to other positions, or because candidates on the list were unwilling to accept the position, or for any other reason, the appointment did not under section 61 of the Civil Service Law have to be made from the list.[1] That the list *257 was not exhausted in the present case is shown by the fact that a candidate from that list was appointed to fill the position.[2]
While both Haynes and Vazquez concerned provisional appointments which were continued beyond the limit of nine months set forth in subdivision 2 of section 65 of the Civil Service Law, and respondent asserts a violation of subdivision 3, no different result follows. Subdivision 3, like subdivision 2, does not by itself transform a continued provisional appointment into a permanent position. That result occurs only under subdivision 4 and only if the additional conditions of that subdivision are fulfilled. Here, as in Haynes and Vazquez, they are not.
Appellants’ conduct in continuing respondent as a provisional employee for several days beyond the two-month limitation of subdivision 3 violated section 65 of the Civil Service Law. However, the Legislature has seen fit to provide that employees in this situation automatically gain permanent status only when the additional conditions of subdivision 4 are satisfied. If it is the intention that successive provisional employment be discouraged and that provisional employees in such situations become permanent employees by reason of the mere passage of time, further legislative action is required.
Accordingly, the order of the Appellate Division should be reversed and the petition dismissed, with costs.

. We cannot agree with the dissent that the list was exhausted “[o]nce it was determined that no one who was reachable for the appointment was qualified for the position”. The principle the dissent would establish — that a permanent appointment must be made immediately or an eligible list is “exhausted” — is not supported by the legislative history of subdivision 4 (see McKinney’s Session Laws of NY, 1969, pp 2455-2456). Further it would lead to the anomalous and unwarranted result that when, as here, an appointing authority exercised its right to keep a position vacant instead of immediately appointing a reachable candidate, the list would be deemed exhausted, the rights of all nonreachable eligibles would be forfeited, and a new examination required.

. Respondent does not dispute appellants’ statement that, after Special Term’s decision, the position was filled by another candidate from the eligible list, and there has been no allegation that the May, 1982 appointment was not made in accordance with section 61 of the Civil Service Law. In La Sota v Green (53 NY2d 631), by contrast, the list contained only three eligible candidates for two vacant positions, and the appointment actually made was not from the list. La Sota did not address the question of whether a violation existed of subdivision 2 or 3 of section 65 of the Civil Service Law, but only whether, assuming a violation, the employee was “continued in” his provisional employment for a sufficient period under subdivision 4.