Wachtler, J.
(dissenting). Subdivision 3 of section 65 of the Civil Service Law requires that a provisional appointment be terminated within two months after the establishment of an eligible list for the vacancy. Petitioner’s continuation as a provisional appointee for a longer period was a clear violation of the statute. That violation in itself did not convert petitioner’s appointment to a permanent one, however, except under the circumstances specified in sub *258 division 4 of section 65 (Matter of Haynes v County of Chautauqua, 55 NY2d 814). My disagreement with the majority stems from my belief that the conditions in subdivision 4 have been met in this case and that petitioner’s provisional appointment thus ripened into one of permanent status.
Subdivision 4 provides that in cases in which an eligible list is not adequate to fill all positions then held on a provisional basis, or when the list is exhausted immediately following its establishment, the continuation of a provisional appointee who has become eligible for permanent appointment to the position requires that permanent status be conferred. As the majority notes, petitioner clearly was eligible for permanent appointment. Although the established eligible list was adequate, it is my view that the list was exhausted immediately after its establishment. Petitioner’s continuation beyond the time period set forth in subdivision 3 therefore did confer upon her the right to permanent status.
Section 65 of the Civil Service Law represents a carefully circumscribed legislative approval of provisional appointments. Because such appointments are not based strictly upon merit and fitness, their validity is limited to specified time periods. Such an appointment may not continue beyond nine months or in any event for more than two months following establishment of an eligible list for the position. Examinations for such positions must be held as soon as practicable when provisional appointments are in existence. In permitting noncompetitive appointments on such a limited basis, the Legislature’s primary concern is, no doubt, for the integrity of the civil service system. Yet, the provisions of subdivision 4 also recognize the unfairness in continuing the provisional appointment of one who has become eligible for permanent appointment. Thus, under certain circumstances, that appointee, now deemed fully qualified for the position on a competitive basis, may not be continued in that position without affording permanent status.
In the present case, the employer has completely circumvented the strictures of section 65, in a manner which a majority of this court now sanctions. When presented with *259 a certified list of eligible candidates containing the names of five individuals (including petitioner’s), the appointing authority determined that none of these persons was suitable for the position as she envisioned it. Once it was determined that no one who was reachable for the appointment was qualified for the position, that list was exhausted as surely as if every person had become otherwise unavailable for appointment.[1] To hold that this list was not exhausted under these circumstances, as the majority does, is to permit a complete frustration of the legislative purpose, and to lay down a blueprint for its effective frustration in the future. It will now be possible to continue a provisional appointment indefinitely, as long as the employer refrains from appointing an eligible candidate from the list.
The majority concludes that the list was not exhausted in this case because “a candidate from that list was appointed to fill the position” (majority opn, at p 257). I note first that nowhere in the record on this appeal is there the slightest support for such a statement, and the majority does not even attempt to justify its reliance upon such inappropriate material.[2] Although respondent’s brief contains a statement concerning the eventual appointment to this position, even respondent recognizes that such information does not form a part of the record, by including it in an advisory footnote. Even accepting that information as competent, however, we are told that another eligible candidate on the list received the appointment on May 14, 1982. This appointment was thus made over one year after the list was certified and approximately 10 months after this article 78 proceeding was commenced. Thus, even assuming the majority’s conclusion to be correct, it is relying upon an apparent change of heart by the appointing authority which occurred well after petitioner’s appointment became permanent by virtue of subdivision 4 of section 65. The illogic of this position is obvious.
*260 Certainly, the Legislature could not have intended such a blatant circumvention of the statutory provisions. Because I believe the statute should be interpreted in a manner consistent with the legislative purpose, I would affirm the order of the Appellate Division.
Judges Jasen, Jones and Meyer concur with Judge Kaye; Judge Wachtler dissents and votes to affirm in a separate opinion in which Chief Judge Cooke concurs; Judge Simons taking no part.
Order reversed, etc.

. The only thing respondent had to do to prevent petitioner’s appointment from becoming permanent was to ensure that it was terminated within two months of the establishment of the eligible list.

. To the majority’s assertion that petitioner does not dispute the statement that the position was filled by another candidate, it should suffice to note, first, that petitioner has had no meaningful opportunity to reply to the statement inasmuch as respondent has not itself relied upon the appointment as demonstrating that the list was not exhausted, and second, petitioner has no obligation to refute evidentiary assertions that are not part of the record.