■ In the Matter of HAROLD R. SNYDER, JR., Respondent, v CIVIL SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Appellants.—Levine, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered December 19, 1986 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Civil Service Commission denying petitioner's request for contingent permanent appointment to the position of supervising attorney.

In 1978, petitioner received a permanent appointment to the position of associate attorney with the Department of Civil Service after having taken a competitive examination. Another attorney, Harvey Randall, received a similar appointment at the same time. Subsequently, the position of supervising attorney was established and Randall was permanently appointed to that position without having taken an examination. The position of supervising attorney, while a competitive class position, has apparently never been the subject of an examination. Eventually, Randall was provisionally appointed to the position of principal attorney, thereby leaving the position of supervising attorney temporarily vacant. On September 23, 1982, petitioner was appointed to fill this position. The appointment was designated provisional. On March 6, 1985, petitioner was informed that his appointment to the position of supervising attorney was being rescinded effective March 21, 1985, at which time he would be returned to his position of associate attorney.

Petitioner appealed to respondent Civil Service Commission seeking reinstatement to the position of supervising attorney with permanent status. The Commission denied the request,

and petitioner commenced this CPLR article 78 proceeding challenging the Commission's determination. Supreme Court concluded that petitioner had attained contingent permanent status in the position of supervising attorney and, accordingly, ordered that he be reinstated to that position retroactive to March 21, 1985. Respondents appeal.

Permanent appointments to temporarily vacant positions are authorized by 4 NYCRR 4.11 (a), which states in pertinent part: "A position in the State service left temporarily vacant by the leave of absence of the permanent incumbent *may* be filled on a permanent basis through open competitive appointment, promotion, transfer or reinstatement. Any person securing an appointment of any of these types under that circumstance shall have all the rights and benefits of a permanent competitive class employee" (emphasis supplied). Such appointment is termed "contingent permanent" because it is permanent, subject to the return of the incumbent employee, in this case Randall. However, appointments to temporarily vacant positions do not have to be permanent. The regulation uses the permissive word "may". Further, Civil Service Law § 64 (1) (a) expressly authorizes temporary appointments to temporarily vacant positions. Additionally, Civil Service Law § 65 (1) authorizes provisional appointments where "there is no appropriate eligible list available for filling a vacancy". In this case, since there was no appropriate eligible list, a provisional appointment was also possible. When the Department appointed petitioner in 1982 to the temporarily vacant position of supervising attorney, the appointment was designated provisional. Therefore, Supreme Court correctly, in our view, held that respondents could and did lawfully appoint petitioner provisionally to the position of supervising attorney, despite the fact that one or more permanent promotions to that or a similar position had been made as transfers (Civil Service Law § 52 [6]) without giving a competitive examination, and also despite respondents' concession that they never intended to create an eligible list through a competitive examination in order to fill the position by a permanent appointment. However, we disagree with Supreme Court's further holding that because of respondents' continuation of the provisional appointment beyond the nine-month period specified in Civil Service Law § 65 (2) and because petitioner was eligible for permanent appointment, he became permanent in the position.

Once it is established that petitioner's status was solely as a provisional appointee and, therefore, governed entirely by

Civil Service Law § 65, the conclusion becomes inescapable that it could not ripen into that of a permanent appointment absent full, literal compliance with all of the conditions for converting a provisional appointment to a permanent one under Civil Service Law § 65 (4). The Court of Appeals has unmistakably and by now repeatedly held that Civil Service Law § 65 (4) "applies *only* where 'an examination for a position or group of positions fails to produce a list adequate to fill all positions then held on a provisional basis, or where such list is exhausted immediately following its establishment' " *(Matter of Haynes v County of Chautauqua*, 55 NY2d 814, 816, quoting Civil Service Law § 65 [4]; emphasis supplied; *see, Matter of Becker v New York State Civ. Serv. Commn.*, 61 NY2d 252, 256-257; *Matter of Vazquez v New York City Dept. of Social Servs.*, 56 AD2d 432, 434, *affd* 44 NY2d 720).

There is nothing here to make the holdings in the foregoing cases inapplicable. In *Becker* and *Haynes,* the provisional appointees were at least as eligible for permanent appointment as petitioner and were continued in their positions provisionally, in apparent violation of Civil Service Law § 65 (2), for time periods comparable to petitioner's tenure as a provisional appointee. Since, concededly, no examination for the position of supervising attorney was ever given here, let alone a list produced therefrom which was inadequate or exhausted *(see,* Civil Service Law § 65 [4]), there is no basis upon which to convert petitioner's provisional appointment to a permanent one. Accordingly, the judgment in his favor should be reversed and his petition should be dismissed.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Casey, Mikoll and Levine, JJ., concur.

Mahoney, P. J., and Main, J., dissent and vote to affirm in a memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). In our view, Supreme Court properly held that petitioner's provisional appointment ripened into a permanent appointment. When the Department of Civil Service appointed petitioner to the supervising attorney position, such appointment could have been permanent, provisional or temporary. The Department chose to make the appointment provisional. Civil Service Law § 65 (2) places a nine-month time limit on a provisional appointment and requires that the appropriate examination be conducted so as to prevent such appointment from exceeding that time period. The provisional appointment must then be terminated within two months after an eligible list is created (Civil Service Law § 65 [3]). However, the mere

passage of the nine-month period without an eligible list being created does not automatically convert a provisional appointment to a permanent one *(Matter of Vazquez v New York City Dept. of Social Servs.,* 56 AD2d 432, 434, *affd* 44 NY2d 720). The statute also prohibits successive provisional appointments except where the eligible list produced is inadequate to fill all of the positions held by provisional appointees or where such list is immediately exhausted (Civil Service Law § 65 [4]).

It is apparent from a reading of this section that the appointment of a provisional employee is not to be "permanent" or "indefinite", but a stopgap measure which contemplates the creation of an eligible list and, ultimately, a permanent appointment. The statute contains a safeguard for the provisional employee. Where, as discussed above, a successive provisional appointment is authorized because the eligible list is inadequate or immediately exhausted and a current provisional appointee is retained in his position, he must be afforded permanent status, if he becomes eligible for permanent appointment (Civil Service Law § 65 [4]). This provision has been strictly construed. Where a provisional appointee appears on the subsequently created eligible list along with other candidates, such that the list is not inadequate or exhausted, the statute does not confer permanent status on the provisional appointee *(see, Matter of Becker v New York State Civ. Serv. Commn.,* 61 NY2d 252; *Matter of Haynes v County of Chautauqua,* 55 NY2d 814). However, where a provisional appointee appears on the eligible list and such list is inadequate, the statute causes the provisional status to ripen into permanent status *(see, Matter of Roulett v Town of Hempstead Civ. Serv. Commn.,* 71 Misc 2d 477, *affd* 40 AD2d 611).

In the instant case, despite the passage of about 2½ years between the provisional appointment of petitioner and the rescission of such appointment, no eligible list was ever created. In fact, the Department admits that it had no intention of holding an examination on September 23, 1982 or at anytime thereafter. If that was the Department's intention, it could have given petitioner a "temporary" appointment in September 1982 *(see,* Civil Service Law § 64 [1] [a]). However, it did not; it gave him a "provisional" appointment, thus evincing an intent to comply with Civil Service Law § 65. Yet, the Department had no intention of holding an examination, thus violating both the letter and the spirit of the statute. The Department's actions evaded the statutory mandates and effectively short-circuited the statutory protection for peti-

tioner which the Legislature intended to provide. On the facts of this case, the Department's refusal to comply with the statute by not holding an examination or otherwise attempting to create an eligible list for such an extended period of time caused petitioner's provisional appointment to ripen into a contingent permanent appointment. Accordingly, we would affirm Supreme Court's judgment.