OPINION OF THE COURT
Gloria Cohen Aronin, J.
In this CPLR article 78 proceeding, petitioners seek a judgment directing respondent New York City Transit Authority (the NYCTA): (1) to appoint them as permanent civil servants in the title of car inspector retroactive to a date two months after the eligible list for Civil Service Exam No. 0051 was established, and (2) to only make appointments to the title of car inspector from the civil service eligible list for said title, retroactive to the establishment of that list on March 13, 2002. Petitioners further seek a judgment finding that the NYCTA’s alleged failure to comply with the Civil Service Law was arbitrary and capricious, and an abuse of discretion, and an award of their attorney’s fees and the costs of this proceeding.
In June 1999, certain permanent cleaners in the Division of Car Equipment of the NYCTA were eligible to take a promotional civil service examination under the auspices of the Department of Citywide Administrative Services (the DCAS) for the title of car maintainer trainee. The car maintainer trainee position was subject to a 21/2-year probationary period. At the end of 18 months of satisfactory service, without further examination, permanent employees in that position would advance to the title of car maintainer-group A or group F and serve the remaining year of the probationary period in the car maintainer title.
Following the examination for car maintainer trainee, an eligible list was established on March 22, 2000, and that list was certified by the DCAS pursuant to a request from the NYCTA. On September 6, 2000, pursuant to a resolution, the DCAS deleted certain titles, including car maintainer-group A and car maintainer-group F, and reclassified the employees in those titles as car inspectors. Under the resolution of the DCAS, all car maintainer trainees from the March 22, 2000 list who would have been eligible for promotion to car maintainer-group A and car maintainer-group F were, instead, promotable to car inspector. The NYCTA, therefore, in or around 2002, appointed, to the title of permanent car inspector, 36 former permanent cleaners who had been placed on the car maintainer trainee March 22, *946 2000 eligible list and had successfully completed the probationary period for the car maintainer trainee position.
Petitioners, on various dates beginning in the year 2001, were provisionally appointed, pursuant to Civil Service Law § 65, as car inspectors in the NYCTA’s Subways Department-Division of Car Equipment. In May 2001, petitioners took competitive Civil Service Exam No. 0051 for the job title of car inspector in order to obtain permanent civil service status in the car inspector title. Petitioners passed Exam No. 0051, and their names subsequently appeared on the Civil Service Exam No. 0051 eligible list for filling vacancies in the position of car inspector, which was established on March 13, 2002.
After requesting certification of the eligible list from the DCAS, the NYCTA appointed permanent car inspectors from the car inspector eligible list according to their rankings on the list. The NYCTA’s records show that the last permanent appointment from the car inspector list was made to the person who ranked 256. None of the petitioners’ ranks were at or above 256 on the list. (The highest ranking of the petitioners is petitioner Gabriel Bucar whose rank is 261.) Since petitioners’ ranks on the eligible list were not reached, none of them were appointed from the March 13, 2002 car inspector eligible list to permanent jobs as car inspectors. Petitioners, however, continued in their provisional employment as car inspectors for a period in excess of two months.
Following the time that the last appointment from the car inspector eligible list was made by the NYCTA, the NYCTA has restored the names of 14 persons to that list who were higher than petitioners in rank. Due to the fact that the NYCTA did not plan to make any further appointments to the car inspector title in the near future, it, on December 29, 2003, in lieu of terminating petitioners’ employment, appointed petitioners to other provisional titles and transferred them from its Division of Car Equipment to its Division of Signals.
Consequently, petitioners brought the instant petition. Petitioners’ first cause of action alleges that the NYCTA violated Civil Service Law § 65 (3) and (4) by continuing to employ them as car inspectors for a period in excess of two months after the March 13, 2002 car inspector eligible list was established. Petitioners’ second cause of action alleges that the NYCTA violated Civil Service Law § 61 (1) by appointing the cleaners, in place of petitioners, to the car inspector title. The petition seeks, inter alia, a judgment appointing them as permanent civil ser *947 vants in the title of car inspector retroactive to a date two months after the eligible list for car inspector was established. The NYCTA has interposed an answer and objections in point of law to the petition.
In addressing petitioners’ first cause of action, the court notes that Civil Service Law § 65 (3) provides, in pertinent part, that “[a] provisional appointment to any position shall be terminated within two months following the establishment of an appropriate eligible list for filling vacancies in such positions.” It is undisputed that petitioners were not terminated as provisional appointees within two months following the establishment of the eligible list for car inspector. “However, by itself, [Civil Service Law § 65] subdivision 3 does not confer any right to permanent status” (Matter of Becker v New York State Civ. Serv. Commn., 61 NY2d 252, 255 [1984]; see also Varanelli v Harris, 1987 WL 30602, *2, 1987 US Dist LEXIS 12384, *5-6 [ED NY, Dec. 10, 1987]; Sanders v Kramarsky, 85 Misc 2d 954, 955-956 [1975]) or “transform a continued provisional appointment into a permanent position” (Matter of Becker, 61 NY2d at 257). Rather, “[provisional employment ripens into a permanent appointment only pursuant to subdivision 4 of section 65” and “only if the additional conditions of that subdivision are fulfilled” (id. at 255, 257; see also Matter of Haynes v County of Chautauqua, 55 NY2d 814, 816-817 [1981]; Matter of Vazquez v New York City Dept. of Social Servs., 56 AD2d 432, 434 [1977], affd 44 NY2d 720 [1978]).
Civil Service Law § 65 (4) provides:
“Successive provisional appointments shall not be made to the same position after the expiration of the authorized period of the original provisional appointment to such position; provided, however, that where an examination for a position or group of positions fails to produce a list adequate to fill all positions then held on a provisional basis, or where such list is exhausted immediately following its establishment, a new provisional appointment may be made to any such position remaining unfilled by permanent appointment, and such new provisional appointment may, in the discretion of the appointing authority, be given to a current or former provisional appointee in such position, except that a current or former provisional appointee who becomes eligible for permanent appointment to any such position shall, if he is then to be continued in or ap *948 pointed to any such position be afforded permanent appointment to such position.”
Petitioners were provisional appointees who became eligible for permanent appointment to the car inspector position, but, to be afforded such permanent appointment, the additional conditions of subdivision (4) of Civil Service Law § 65 would have to be satisfied. “The exception to subdivision 4 found in its last clauses does not stand alone, but must be read with reference to the entire provision” (Matter of Becker, 61 NY2d at 256; see also Matter of Haynes, 55 NY2d at 816; Matter of Vazquez, 56 AD2d at 433-434; Sanders, 85 Misc 2d at 955). As Civil Service Law § 65 (4) states, it applies only when “an examination for a . . . group of positions fails to produce a list adequate to fill all positions then held on a provisional basis, or where such list is exhausted immediately following its establishment” (see Matter of Becker, 61 NY2d at 256; Matter of Haynes, 55 NY2d at 816; Matter of Vazquez, 56 AD2d at 434).
Here, the March 13, 2002 eligible list was neither numerically inadequate nor immediately exhausted. The list contained the names of 453 persons, and following the last permanent appointment of the person who ranked 256 on the list, numerous persons who ranked below this number remain on the list. Thus, the list of candidates was adequate in number to permit permanent appointments to the car inspector positions, and the list was not immediately exhausted since there remains a sufficient number of eligible candidates from which a choice could be made (see Matter of Becker, 61 NY2d at 256; Matter of Haynes, 55 NY2d at 816; Matter of Vazquez, 56 AD2d at 434; Sanders, 85 Misc 2d at 955-956).
Petitioners’ argument that the NYCTA’s failure to make additional permanent appointments from the eligible list, while continuing its dependence on both the cleaners and them, as provisional employees, indicates that the list was inadequate, is rejected. As noted above, the list was extensive and not inadequate for lack of sufficient names, and appointments to this title were made as they became open and in accordance with the order of ranking from the examination (see Sanders, 85 Misc 2d at 956). Thus, the mere fact that petitioners continued to work as provisional appointees did not give them “a vested interest in their position by virtue of their service even if . . . they were continued in their provisional capacity beyond the statutory cut-off period” (Varanelli, 1987 WL 30602, *2, 1987 US Dist LEXIS 12384, *4).
*949 Therefore, while the NYCTA’s conduct in continuing petitioners as provisional employees beyond the two-month limitation of subdivision (3) violated Civil Service Law § 65, petitioners did not automatically gain permanent status because the additional conditions of subdivision (4) were not satisfied (see Matter of Becker, 61 NY2d at 257; Sanders, 85 Misc 2d at 955-956). Consequently, since petitioners did not satisfy these conditions, petitioners’ provisional status did not ripen into permanent status by the mere passage of time (see Matter of Becker, 61 NY2d at 257; Matter of Haynes, 55 NY2d at 816-817).
The court notes that petitioners rely upon Matter of Roulett v Town of Hempstead Civ. Serv. Commn. (40 AD2d 611, 611 [1972], affg 71 Misc 2d 477, 479 [1971]), wherein the Appellate Division, Second Department, affirmed the judgment of the Supreme Court, Nassau County, which held that the petitioner therein, who remained in a position as a provisional employee for more than nine months, was entitled to permanent status. However, such reliance is misplaced. Matter of Roulett (71 Misc 2d at 480) is readily distinguishable from the case at bar since, there, the petitioner was one of only two persons who had passed the civil service examination and who had been placed on the eligible list. As the eligible list contained less than three names, it was considered inadequate (id.). Here, in contrast, the eligible list was extensive and adequate to fill all positions then held on a provisional basis.
Petitioners’ reliance upon Matter of Haynes v County of Chautauqua (80 AD2d 726, 726 [1981], affd 55 NY2d 814 [1981]) is similarly misplaced. While the Appellate Division, Fourth Department, in its decision in Matter of Haynes (80 AD2d at 726), noted that the purpose of the 1969 amendment of Civil Service Law § 65 (4) “was to end the abusive practice of the continued retention of a person as a provisional appointee when such person was eligible for permanent employment,” the Court of Appeals, in affirming that decision (which dismissed a proceeding to compel a provisional employee’s reinstatement), expressly held that where the eligible list was adequate and not exhausted, the petitioner’s continuation in his provisional appointment beyond the statutory period did not convert such continuation into permanent employment status (Matter of Haynes, 55 NY2d at 816). Thus, although the retention of the petitioners herein as provisional employees beyond the period provided in Civil Service Law § 65 (3) was wrongful, “this is not the rare type of situation where [petitioners] may . . . claim *950 that [their] retention ripen[ed] into permanent appointment” (Sanders, 85 Misc 2d at 956).
Petitioners, in support of their second cause of action, allege that the NYCTA violated Civil Service Law § 61 (1) when it appointed the cleaners as permanent car inspectors even though they never took a car inspector civil service examination, and there currently exists a civil service eligible list for the car inspector title. Civil Service Law § 61 (1) requires that “[appointments and promotions shall be made from the eligible list most nearly appropriate for the position to be filled.” Petitioners argue that since the cleaners only took the car maintainer trainee examination rather than the car inspector examination, only the March 13, 2002 eligible list on which petitioners’ names appear and not the March 22, 2000 car maintainer trainee eligible list, is the eligible list “most nearly appropriate” for the position of car inspector, and that they should have been appointed to permanent positions as car inspectors ahead of the cleaners.
Such argument is unavailing. The cleaners had been placed on the car maintainer trainee eligible list on March 22, 2000, and, pursuant to the September 6, 2000 resolution, the employees in this position who, after service, were to advance to the title of car maintainer-group A or group F, were duly reclassified as car inspectors. Thus, the right of the cleaners, whose names appeared on this earlier March 22, 2000 eligible list and who had already begun serving the probationary period for their positions, to be appointed as permanent car inspectors, had already vested when the subsequent March 13, 2002 eligible list for filling vacancies in the position of car inspector, upon which petitioners’ names appear, was established, and the cleaners were entitled to permanent appointment in such positions upon completion of the probationary period. The fact that this later May 2001 civil service examination was given and the March 13, 2002 eligible list was created could not usurp or divest the cleaners of their already vested and superior right to such appointment.
Contrary to petitioners’ argument, Civil Service Law § 61 (1) did not confer upon them a statutory right which was superior to that of the cleaners’ right to be appointed (see generally Matter of Andriola v Ortiz, 82 NY2d 320, 324 [1993], cert denied 511 US 1031 [1994]). Since the DCAS found the positions of car maintainer-group A and group F sufficiently comparable to reclassify them, the NYCTA, in the authority and discretion *951 granted to it (see generally Vanora v New York State Dept. of Civ. Serv., 99 Misc 2d 194, 196-197 [1979]; Matter of Brennan v Trussell, 38 Misc 2d 380, 384 [1963], affd 24 AD2d 842 [1965]), may properly use the March 22, 2000 car maintainer trainee eligible list (along with the successful completion of the probationary period) to fill vacancies for the position of car inspector without violating statutory requirements (see Matter of Samboy v New York State Liq. Auth., 52 AD2d 1016, 1016 [1976]). Therefore, inasmuch as petitioners’ causes of action lack merit and there is no showing that the NYCTA acted arbitrarily or capriciously, or abused its discretion, the petition must be denied in its entirety (see CPLR 7803 [3]).
Accordingly, the petition is denied, and the proceeding is dismissed.