■ In the Matter of JACQUES E. CASSIDY, Respondent, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered July 15, 1977 in Chemung County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, seeking, *inter alia,* reinstatement to the position of Education Analyst at the Elmira Correctional and Reception Facility. In 1973, while holding a civil service appointment, petitioner took a promotional examination. Upon passing the examination petitioner's name was placed on the eligible list, which was also declared appropriate for the position of Education Analyst. Petitioner resigned, effective August, 1976, from a position he then held with the Department of Mental Hygiene. In December, 1976, petitioner was appointed from the promotional eligibility list to the position of Education Analyst at the Elmira Correctional Facility, although he was not holding a civil service appointment at that time. Thereafter, petitioner received notice from the Department of Correctional Services that he had been removed from the eligibility list and he would, therefore, be terminated from his position effective January 26, 1977. Petitioner commenced this article 78 proceeding and it was held by Special Term that his dismissal was illegal for failure to comply with subdivision 4

---

of section 50 of the Civil Service Law in that petitioner was not given a written statement of the reasons for his disqualification and an opportunity to explain and submit facts in opposition. The issue determinative of this appeal is whether petitioner had a right pursuant to subdivision 4 of section 50 to receive such a written statement and opportunity to explain and submit facts in opposition. Respondents contend that petitioner was not so entitled due to the fact that he was terminated after his appointment. The final paragraph of subdivision 4 of section 50 provides for the termination of appointments and begins "Notwithstanding the provisions of this subdivision or any other law". Respondents argue that since said paragraph follows the provision requiring the written statement of reasons and opportunity to explain and submit facts in opposition, such requirements are unnecessary in cases where an appointment is terminated. We disagree. In our view, the Legislature did not intend the anomalous situation of an applicant or an eligible having greater procedural protections than one who has already been appointed. Such a construction is to be avoided (McKinney's Cons Laws of NY, Book 1, Statutes, § 145). The provisions of a statute should be harmonized with each other and with the general intent of the statute *(Matter of Anderson v Board of Educ.,* 46 AD2d 360, affd 38 NY2d 897). The initial phrase in the final paragraph of subdivision 4 of section 50 should be interpreted simply as allowing the revocation of an appointment notwithstanding the fact that the individual could have been disqualified prior to appointment. Consequently, it is the opinion of this court that Special Term properly concluded that petitioner was entitled to a written statement of the reasons for his disqualification and to an opportunity to explain and submit facts in opposition. The judgment, therefore, should be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Staley, Jr., Larkin, Mikoll and Herlihy, JJ., concur.