■ In the Matter of SALVATORE FERRINE, Respondent, v VICTOR S. BAHOU, as President of the New York State Civil Service Commission, Appellant, et al., Defendants.—Appeal from a judgment of the Supreme Court at Special Term, entered March 7, 1979 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to reinstate him to the position of patrolman in the Police Department of the City of Kingston, New York, and to grant back pay and benefits from the date of his termination. On November 9, 1973 petitioner filed an application with the Municipal Civil Service Commission of Kingston, New York, for employment as a police patrolman. He correctly listed his date of birth thereon as March 17, 1944, and therefore at that time he was almost eight months over the age of 29, the maximum age for appointment to a police force (Civil Service Law, § 58, subd 1, par [a]). However, since petitioner was entitled to deduct from his age the two years he had spent in military service (id.), he was eligible to apply. He passed all the necessary examinations, and by letter dated February 20, 1976, petitioner was appointed to the police force, effective March 19, 1976. At that time he was 32 years old. Petitioner thereafter performed his duties for over two years with skill and distinction; he successfully completed his probationary period and became a permanent employee. In May of 1978 the Kingston Municipal Civil Service Commission received a report of a management survey conducted by the New York State Civil Service Commission (Commission). The Commission concluded that even with his military service credit, petitioner was over age at the time of his appointment, and it ordered the municipal commission to immediately terminate petitioner's employment. Accordingly, by letter dated July 7, 1978, a copy of which was sent to petitioner, the municipal commission advised the Board of Police Commissioners of the Kingston Police Department that petitioner's services must be "terminated". In an affidavit, Francis R. Koenig, the Mayor of Kingston, explained that the municipal commission followed the State commissioner's directives "with reluctance" and that petitioner's termination was "not voluntary" and was "regretable". Petitioner then commenced this CPLR article 78 proceeding seeking reinstatement and back pay. Special Term granted the requested relief on the ground, *inter alia,* that since manifest injustice would result if petitioner were removed, respondents should be estopped from removing him. In our view, there should be an affirmance upon the ground that the statutory procedures were not followed in terminating petitioner. Subdivision 4 of section 50 of the Civil Service Law authorizes the State Civil Service Department to investigate the qualifications of an

eligible even after he has been appointed and to order his removal if it finds "facts which if known prior to appointment, would have warranted his disqualification". However, the statute requires that before a person may be removed, he must be "given a written statement of the reasons therefor and afforded an opportunity to make an explanation and to submit facts in opposition to such disqualification". This last provision applies to eligibles such as petitioner who have been appointed (*Matter of Cassidy v New York State Dept. of Correctional Servs.*, 63 AD2d 1089, 1090). In *Cassidy*, this court affirmed a judgment of Special Term granting reinstatement and back pay where the employee's termination was not in accordance with the statutory requirements. Here, since the record reveals that petitioner was not afforded an opportunity to submit facts in opposition to his disqualification, his dismissal was unlawful (*Matter of Cassidy v New York State Dept. of Correctional Servs., supra*). Accordingly, the judgment should be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane and Staley, Jr., JJ., concur.

Casey, J., dissents and votes to reverse in the following memorandum. Casey, J. (dissenting). I respectfully dissent. I cannot agree that the petitioner was not afforded an opportunity to submit facts in opposition to his disqualification, as the majority has held. The petitioner admittedly received a copy of a letter dated July 7, 1978 from the municipal civil service commission notifying the board of police commissioners that petitioner had to be terminated by reason of being over age at the time of his appointment, in violation of section 58 (subd 1, par [a]) of the Civil Service Law. Conceding that the letter did did not specifically state that the petitioner was being afforded an opportunity to make an explanation and to submit facts in opposition, nevertheless, the petitioner was not terminated until August 28, 1978, and if he had opposition, the time interval from the receipt of the letter to his last day of employment gave him ample opportunity to submit it. The truth is he had no opposition, since the sole reason for his termination was that he was over age at the time of his appointment—a fact he candidly concedes. Furthermore, I do not believe that a failure to be afforded an opportunity to submit facts in opposition, even if found, should result *ipso facto* in the petitioner's reinstatement with back pay. In that situation, the most that the petitioner could expect would be a remand to provide him with the opportunity of which he has been deprived. To hold otherwise would allow one who admits his statutory disqualification to be reinstated with back pay, for not availing himself of the opportunity to submit facts in opposition, while one who avails himself of that opportunity runs the risk of legal termination of his employment. Nor can the doctrine of equitable estoppel aid the petitioner. Neither the municipal civil service commission nor the appellant State commission can be estopped where these commissions are exercising statutory authority under the Civil Service Law (*Matter of Goldstein v Bartlett*, 92 Misc 2d 262, 270, affd 64 AD2d 956). Subdivision 4 of section 50 of the Civil Service Law, in its final paragraph, gives these commissions the authority to investigate the qualifications of an eligible, even after his appointment, and the power to remove an unqualified appointee within three years from the date of appointment. The discovery of this petitioner's disqualification came in a routine management survey conducted two years after appointment, well within the statutory time period. It is unfortunate for the petitioner that this discovery came so late, for he had performed his duties skillfully and satisfactorily and at all times had acted honestly and candidly. Personal integrity and ability, lack of opportunity to oppose and other considerations, however, cannot convert the

petitioner's disqualification by reason of being statutorily over age to qualification. The appellant commission had not only a right but a duty to remove him. (See *Spina v County of Chautauqua,* 50 AD2d 178.) The judgment of Special Term should be reversed, and the petition dismissed.