In the Matter of JACKLYN E. SPRING et al., Appellants-Respondents, v WALTER D. BROADNAX, as Commissioner of the State of New York Department of Civil Service and President of the State of New York Civil Service Commission, et al., Respondents-Appellants, and TONEE CHILLES, Proposed Intervenor-Appellant.

Third Department, July 12, 1990

APPEARANCES OF COUNSEL

*Hinman, Straub, Pigors & Manning, P. C. (William F. Sheehan* of counsel), for appellants-respondents.

*Robert Abrams, Attorney-General (Daniel Smirlock* of counsel), for respondents-appellants.

*Richard E. Casagrande (Nancy L. Burritt* of counsel), for proposed intervenor-appellant.

### OPINION OF THE COURT

MAHONEY, P. J.

An understanding of the challenged actions taken by respondent Commissioner of Civil Service (hereinafter the Commissioner) necessitates a brief review of the actions taken by the Commissioner following separate litigation which annulled a civil service eligibility list and vacated appointments from that list *(see, Matter of Chiles v Burstein,* 137 AD2d 81). In January 1983 the Department of Civil Service administered a test for candidates for the position of treatment team leader. Petitioners herein, employees of the Office of Mental Health and the Office of Mental Retardation and Developmental Disabilities, scored high on the 1983 test, passed an oral interview and were appointed to the position of treatment team leader. Each petitioner served a required probationary period and obtained permanent status.

In January 1985 a group of unsuccessful candidates on the 1983 test commenced a CPLR article 78 proceeding challenging the method used to score the exam and alleging that it violated the merit and fitness provisions of the NY Constitution (NY Const, art V, § 6). Petitioners herein were not parties to that proceeding. In that earlier case, Supreme Court ordered that all qualifying exams be annulled, that the eligibility list was null and void and vacated all prior appointments, including those of petitioners herein. This court affirmed

Supreme Court's judgment *(Matter of Chiles v Burstein, supra)*.

To implement this court's order, the Commissioner notified petitioners that their status was being changed from permanent to provisional retroactive to their initial appointment. Following the Civil Service Commission's declination to hear an administrative appeal of that determination, petitioners commenced this CPLR article 78 proceeding alleging, *inter alia,* that the status change constituted a removal in violation of the Civil Service Law. Also, by order to show cause, Tonee Chilles, a successful petitioner in the earlier proceeding, sought to intervene in this proceeding. Supreme Court denied intervention and ordered the Commissioner to develop an eligible list based solely on the raw scores of the 1983 examinations with the proviso that those petitioners who are ineligible under this new list may return to their previously held permanent positions. All three parties, petitioners, Chilles and the Commissioner, as well as the remaining respondents, appeal.

■ Initially, we summarily dismiss respondents' contention that petitioners' CPLR article 78 proceeding is barred by the doctrine of collateral estoppel. While it is true that such a proceeding may not be used to challenge a judicial determination *(see,* CPLR 7801 [2]; *see also, Matter of Ferguson v Cheeseman,* 138 AD2d 852, 853), no such challenge is advanced by petitioners. In fact, petitioners explicitly state that they accept the earlier determination, it being their sole contention that their rights were violated when they were stripped of their status of permanently appointed treatment team leaders. Thus, petitioners are challenging the implementation of the earlier decision rather than the decision itself. Further, because respondents' position rests on collateral estoppel, a similarity of issues is required *(see, e.g., Ryan v New York Tel. Co.,* 62 NY2d 494, 500). It is clear from the record, however, that the issue to be resolved in this proceeding is dissimilar to that decided in *Matter of Chiles v Burstein* (137 AD2d 81, *supra).*

■ Next, we hold that Supreme Court erred in denying Chilles' motion to intervene. Although Chilles, unlike petitioners, was an unsuccessful promotional candidate following the 1983 exam, her victory in the earlier proceeding constitutes a stake in the outcome of this CPLR article 78 proceeding that she can protect only as an intervenor *(see, Matter of Martin v Ronan,* 47 NY2d 486, 491).

■ Turning to the merits, it is clear that the eligible list from which petitioners were appointed was in derogation of constitutional requirements because eligible applicants were not placed on the list according to merit and fitness. Thus, the Commissioner's action revoking petitioners' appointments was required by this court's decision in *Matter of Chiles v Burstein (supra)* and is not arbitrary and capricious.

■ Next, petitioners' contention that the Commissioner's retroactive revocation of their permanent status without adherence to the provisional safeguards of Civil Service Law § 75 deprived them of a property interest without due process is without merit. Since petitioners' appointments were constitutionally defective, the due process standards of Civil Service Law § 75 are not applicable to petitioners *(see, Matter of Martin v State of New York,* 86 AD2d 712, 713, *lv denied* 57 NY2d 602; *Matter of Curtin v Janiga,* 275 App Div 743, *affd* 301 NY 658). It is beyond the power and jurisdiction of the Commissioner or any other administrative officer or body to confer upon an applicant eligibility for appointment which is illegal *(see, Palmer v Board of Educ.,* 276 NY 222, 226). Further, petitioners' retroactive provisional appointments cannot become permanent under Civil Service Law § 65 (4) because the narrowly prescribed circumstances affording such status change have not been satisfied *(see, Matter of Snyder v Civil Serv. Commn.,* 132 AD2d 905, 907, *affd on mem below* 72 NY2d 981).

■ Finally, we hold that Supreme Court's judgment that the Commissioner "develop a new eligible list based upon the raw scores of all candidates taking the 1983 examination" improperly usurped the Commissioner's administrative authority. The Commissioner is statutorily charged with administering the Department of Civil Service and implementing the Civil Service Law (Civil Service Law §§ 5, 6). The creation of an eligible list constitutes a core administrative power vested in the Commissioner *(see, Matter of Bellacosa v Classification Review Bd. of Unified Ct. Sys.,* 72 NY2d 383, 391). Thus, by ordering a new eligible list, Supreme Court encroached on the discretion delegated exclusively to the Commissioner *(see, Matter of Association of Secretaries to Justices of Supreme & Surrogate's Cts. v Office of Ct. Admin.,* 75 NY2d 460, 476). Likewise, Supreme Court's direction allowing petitioners to return to their previously held permanent positions is contrary not only to the Commissioner's broad discretion but to the requirement for merit and fitness in appointments.

KANE, CASEY, MIKOLL and YESAWICH, JR., JJ., concur.

Judgment modified, on the law, without costs, by reversing so much thereof as ordered respondent Commissioner of Civil Service to create a new eligible list, and denied Tonee Chilles' motion to intervene; motion to intervene granted; and, as so modified, affirmed.