■ In the Matter of THOMAS FIFFE, Appellant, v CIVIL SERVICE COMMISSION OF THE CITY OF COHOES et al., Respondents. [691 NYS2d 658] —Graffeo, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered November 4, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request for, *inter alia*, reinstatement to the original firefighters seniority list.

On April 1, 1993 petitioner submitted an application to respondent Civil Service Commission of the City of Cohoes (hereinafter respondent) to take the City's firefighter examination but was told that his application would not be considered due to the fact that he was not within six months of his 21st

birthday (*see*, Civil Service Law § 54). Upon reconsideration, respondent decided that because petitioner would turn 21 years of age prior to any potential appointment, his application would be accepted. Accordingly, petitioner's application, with the corresponding registration fee, was processed on May 28, 1993. He was assigned applicant number 50 among the individuals taking the examination based on the filing date of his application and fee. Petitioner took the examination in June 1993 and received a grade of 85, making him eligible for appointment to become a firefighter. In July 1994, respondent issued a "Certification of Eligibles" list which ranked petitioner fifth out of seven eligible applicants. The applicants ranked fourth through seventh all received scores of 85 and their respective rankings were evidently random. Rankings one through three, however, attained higher scores on the examination. Petitioner, along with six other individuals on the list, commenced employment with the Cohoes Fire Department on July 25, 1994.

In January 1997 respondent issued a revised eligibility list, which reflected the chronological order of receipt of applications and fees for applicants with tied scores on the examination. Using petitioner's original filing status as number 50, petitioner was placed below the six others on the original list; hence, his rank was changed from fifth to seventh. As a result of budgetary measures, petitioner and three other firefighters were laid off in December 1997.

Petitioner commenced this CPLR article 78 proceeding seeking reinstatement of the original eligibility list and his position. Supreme Court dismissed petitioner's petition which prompted this appeal.

The creation of eligible lists is well within the authority of respondent (*see*, *Matter of Spring v Broadnax*, 158 AD2d 240, 244, *lv denied* 76 NY2d 713), and in a CPLR article 78 proceeding, respondent's determination will not be vacated as arbitrary and capricious where a rational basis for it existed (*see*, *Matter of Pell v Board of Educ.*, 34 NY2d 222, 231; *Matter of Burke v Axelrod*, 90 AD2d 577, 578). Here, petitioner argues that the issuance of the new list was arbitrary and capricious and requests that his date of application be changed to April 1, 1993. Respondent, on the other hand, maintains that petitioner's rank was altered to reflect the correct date of application in accordance with its established policy. At the time of petitioner's application, respondent's seniority policy for civil service purposes differentiated applicants with the same examination score by ranking the applicants according to the date of receipt of each application and fee. However, when the original

eligibility list was issued, it erroneously failed to list the applicants in order of their application date; instead, petitioner and the other three applicants who scored an 85 were randomly placed, amongst themselves, on the list irrespective of their application dates.

Although the original list ranked petitioner ahead of two other applicants, the record reveals that petitioner's application and fee were accepted subsequent to the other two individuals and, in fact, the correct ranks of petitioner and the other applicants were noted on their respective applications and the original examination list. We therefore find that respondent's decision to revise the list was based on the fact that the original list did not accurately reflect the seniority status of the applicants according to established policy. Under these circumstances, we conclude that respondent's determination was rational and, therefore, shall not be disturbed (*see, Matter of Burke v Axelrod, supra,* at 578).

Petitioner's remaining contentions have been considered and found to be without merit.

Crew III, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.