■ In the Matter of GEORGE B. TURNER, Appellant, v TOWN OF ULSTER et al., Respondents. [726 NYS2d 185] —Mugglin, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered September 28, 2000 in Ulster County, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town Board of the Town of Ulster abolishing petitioner's position.

In November 1999, respondent Town Board of the Town of Ulster adopted a resolution effective January 1, 2000 abolishing the position of police captain. Petitioner held this position in respondent Town of Ulster and claimed displacement rights based on seniority in the classified service under which he could bump respondent Donald H. Short, a lieutenant in the Town Police Department. Respondent County of Ulster, through its personnel officer, respondent Thomas J. Costello, found that petitioner had no displacement rights since Short had more permanent service.

Petitioner instituted this CPLR article 78 proceeding seeking, *inter alia*, reinstatement to his former position or, in the alternative, to vertically bump Short and displace him from the position of police lieutenant. Respondents moved to dismiss the petition and petitioner sought leave to conduct discovery pursuant to CPLR 408. Supreme Court dismissed the petition, finding that petitioner was not entitled to vertically bump or displace Short from his position as police lieutenant. Petitioner appeals and we affirm.

Petitioner's principal contention is that he possessed displacement rights with respect to the position of police lieutenant since he had greater seniority than Short. The record reveals that petitioner was originally appointed to the position of Deputy Sheriff with the Ulster County Sheriff's Department on January 16, 1978 and was continuously employed there until November 9, 1990, when he was appointed to the position of lieutenant in the Town Police Department from a civil service open competitive eligible list. Petitioner was subsequently promoted to the position of police captain. Short has continuously served in the Town Police Department since January 1, 1983. Petitioner contends that these facts demonstrate that he has more seniority than Short and, thus, has displacement rights allowing him to bump Short from his position as lieutenant.

Civil Service Law § 80 (1) provides, in relevant part, as follows: "Suspension or demotion. Where, because of economy, consolidation or abolition of functions, curtailment of activities or otherwise, positions in the competitive class are abolished or reduced in rank or salary grade, suspension or demotion, as the case may be, among incumbents holding the same or similar positions shall be made in the inverse order of original appointment on a permanent basis in the classified service in the service of the governmental jurisdiction in which such abolition or reduction of positions occurs." Additionally, Civil Service Law § 80 (6) provides, in relevant part, as follows: "Displacement in civil divisions. A permanent incumbent of a position in a civil division in a specific title to which there is a direct line of promotion who is suspended or displaced pursuant to this section, together with all other such incumbents suspended or displaced at the same time, shall displace, in the inverse order of the order of suspension or demotion prescribed in subdivisions one and two of this section, incumbents serving in positions in the same layoff unit in the next lower occupied title in direct line of promotion who shall be displaced in the order of suspension or demotion prescribed in subdivisions one

and two of this section; provided, however, that no incumbent shall displace any other incumbent having greater retention standing."

Ulster County Civil Service Rules and Regulations define a layoff unit as "each department of a county, city, town, village, each school district and each special district" (Ulster County Civ Serv Rules & Regs, rule XXV [1] [c]). Moreover, permanent service is defined as "start[ing] on the date of the incumbent's original appointment on a permanent basis in the classified service" and "[t]he permanent service of any employee who was transferred from another civil division shall start on the date of his/her original permanent appointment in the classified service in the other civil division" (Ulster County Civ Serv Rules & Regs, rule XXV [1] [e] [1], [4]).

Applying the foregoing, it is clear that for purposes of seniority, length of time in service is measured from the date of original appointment on a permanent basis in the classified service of the layoff unit where the abolishment occurs. Since petitioner was appointed to the position of lieutenant in the Town Police Department on November 9, 1990 from an open competitive eligible list, this date of appointment marks the commencement of his service in the classified service in the layoff unit. There is no merit to petitioner's contention that his original appointment in the classified service occurred in 1978 with his appointment to the Ulster County Sheriff's Department since he did not transfer from the Sheriff's Department to the Town Police Department. Accordingly, Supreme Court correctly determined that petitioner had less seniority than Short and therefore had no displacement rights with respect to Short's position, and that petitioner lacked greater retention rights than Short in the layoff unit. Supreme Court therefore properly dismissed the petition since the administrative determination under consideration has a rational basis (*see, Matter of Fiffe v Civil Serv. Commn.*, 262 AD2d 762, 763, *lv denied* 93 NY2d 819).

Mercure, J. P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.